UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**JONATHAN GAFFERS,** individually, and on behalf of others similarly situated,

       Plaintiffs,

vs.

**KELLY SERVICES, INC.**,
a Michigan corporation

       Defendant.

Case No. 16-10128

Hon. David M. Lawson

---

| SEYFARTH SHAW, LLP. | KIENBAUM OPPERWALL HARDY & |
|---|---|
| BY:   Gerald L. Maatman, Jr. | PELTON, P.L.C. |
| *Attorney for Defendant* | BY:   William B. Forrest III |
| 131 S. Dearborn Street | *Attorney for Defendant* |
| Suite 2400 | 280 North Old Woodward Avenue, Suite 400 |
| Chicago, IL 60603 | Birmingham, Michigan 48009 |
| 312-460-5000 | Office:  248-645-0000 |
| gmaatman@seyfarth.com | Fax:  248-723-1110 |
| | wforrest@kohp.com |

---

## DECLARATION OF GERALD L. MAATMAN, JR.

I, Gerald, L. Maatman, Jr., based on my personal knowledge and pursuant to 28 U.S.C. § 1746, declare as follows:

1.    I am an attorney at Seyfarth Shaw LLP, and I am lead counsel for Defendant Kelly Services, Inc. ("Kelly") in this matter.

2. I submit this declaration in support of Defendant Kelly Services, Inc.'s Brief in Support of its Motion to Compel Arbitration and to Partially Dismiss the Complaint and Stay Litigation Pending Arbitration.

3. On February 5, 2016, I sent Plaintiffs' counsel an email attaching a letter requesting a meet and confer pursuant to E.D. Mich. LR 7.1. A true and correct copy of the email and letter are attached hereto as Exhibit 1.

4. On February 5, 2016, my co-counsel Peter Wozniak sent Plaintiffs' counsel an email attaching copies of the Arbitration Agreement signed by Amber Noreno Middlebrooks, Nhadia Montreuil, Erica Ramsey, and Kenneth Thomas. True and correct copies of the Arbitration Agreements sent to Plaintiffs' counsel are attached hereto as Exhibit 2.

5. On February 8, 2016, Mr. Young emailed a response to my February 5, 2016 letter. A true and correct copy of the email is attached hereto as Exhibit 3.

6. On February 11, 2016, I sent Plaintiffs' counsel an email attaching a letter responding to Mr. Young's email of February 8, 2016. A true and correct copy of the email and letter are attached hereto as Exhibit 4.

7. On February 12, 2016, Mr. Young emailed a response to my February 11, 2016 letter. A true and correct copy of the email is attached hereto as Exhibit 5.

8. On February 16, 2016, I sent Plaintiffs' counsel an email attaching a letter responding to Mr. Young's email of February 12, 2016. A true and correct copy of the email and letter are attached hereto as Exhibit 6.

9. On February 17, 2016, counsel for the parties conferred telephonically regarding, *inter alia*, the arbitration agreements.

10.     During the parties' February 17, 2016 meet and confer, counsel for Kelly sought Plaintiff's counsel's concurrence regarding Defendant's proposed motion to compel arbitration. Plaintiffs' counsel indicated that Plaintiffs would not agree to arbitrate any claims unless Kelly agreed to class-wide arbitration. Counsel for Kelly declined.

11.     During the parties' February 17, 2016 meet and confer, Plaintiffs' counsel indicated Plaintiffs would not consent to a stay of the litigation pending arbitration. Thus, counsel for Kelly was unable to obtain Plaintiffs' concurrence.

12.     A true and correct copy of an order from *Feamster v. Compucom Systems, Inc.*, 15-CV-564 (W.D. Va. Feb. 19, 2016) (ECF No. 55), is attached hereto as Exhibit 7.

13.     On February 23, 2016, my co-counsel, Mr. Wozniak, and Plaintiff's counsel exchanged emails regarding a potential stay of Plaintiff's Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs. True and correct copies of these emails are attached hereto as Exhibit 8.

14.     Plaintiffs' counsel did not respond to the February 23, 2016 email of my co-counsel, Peter Wozniak, wherein Mr. Wozniak sought a meet and confer to discuss a potential tolling agreement for the non-arbitrating Plaintiffs.

15.     A true and correct copy of a declaration submitted by Mr. Gaffers from *Gaffers v. Sitel Worldwide Corp., et al.*, 16-CV-00128 (M.D. Tenn. Feb. 3, 2016) (ECF No. 6-2), is attached hereto as Exhibit 9.

16.     A true and correct copy of the docket in *Gaffers v. Sitel Worldwide Corp., et al.*, 16-CV-00128 (M.D. Tenn.) is attached hereto as Exhibit 10.

I declare under penalty of perjury that the foregoing is true and correct.

**Dated**:  February 29, 2016

>*/s/ Gerald L. Maatman, Jr.*_____
>
>Gerald L. Maatman, Jr.