# **EXHIBIT 2**

# Arbitration Agreements



# DISPUTE RESOLUTION AND MUTUAL AGREEMENT TO BINDING ARBITRATION

**Internal Dispute Resolution.** I acknowledge that raising issues or concerns internally may address my concerns more efficiently. I further acknowledge that Kelly encourages all employees/candidates to approach immediate supervisors or managers with any issues or concerns they have and, if the matter is not resolved in a timely or satisfactory fashion by those supervisors or managers, to contact the Human Resources Representative who supports their location or the Kelly Business Conduct and Ethics Reporting Program at https://www.integrity-helpline.com/kellyservices.jsp or 1-877-978-0049.

In the event that these internal dispute resolution procedures do not resolve my issues or concerns informally, and in consideration of my employment/consideration for employment with Kelly and Kelly's mutual promise to arbitrate the categories of claims for relief that fall within the scope of this Agreement, I agree as follows:

**1. Agreement to Arbitrate.** Kelly Services, Inc. ("Kelly Services") and I agree to use binding arbitration, instead of going to court, for any "Covered Claims" that arise between me and Kelly Services, its related and affiliated companies, and/or any current or former employee of Kelly Services or any related or affiliated company.

**2. Claims Subject to Agreement.** The "Covered Claims" under this Agreement shall include all common-law and statutory claims relating to my employment, including, but not limited to, any claim for breach of contract, unpaid wages, wrongful termination, unfair competition, and for violation of laws forbidding discrimination, harassment, and retaliation on the basis of race, color, religion, gender, age, national origin, disability, and any other protected status. **I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both Kelly Services and I hereby waive the right to a trial before a judge or jury in federal or state court in favor of arbitration for Covered Claims.**

**3. Exclusions from Agreement.** The Covered Claims under this Agreement do not include claims for employee benefits pursuant to Kelly Services' ERISA plans, worker's compensation claims, unemployment compensation claims, unfair competition claims, and solicitation claims. Any claim that cannot be required to be arbitrated as a matter of law also is not a Covered Claim under this Agreement. Furthermore, nothing in this Agreement prohibits me or Kelly Services from seeking emergency or temporary injunctive relief in a court of law in accordance with applicable law (however, after the court has issued a ruling concerning the emergency or temporary injunctive relief, both I and Kelly Services are required to submit the dispute to arbitration pursuant to this Agreement). I also understand that I am not barred from filing an administrative charge with such governmental agencies as the National Labor Relations Board ("NLRB"), the Department of Labor ("DOL"), and the Equal Employment Opportunity Commission ("EEOC") or similar state agencies, but I understand that I am giving up the opportunity to recover monetary amounts from such charges (*e.g.*, NLRB or EEOC). In other words, I must pursue any claim for monetary relief through arbitration under this Agreement.

**4. Arbitration Rules.** Arbitration under this Agreement shall be on an individual basis before a single arbitrator in the county in which the dispute arose (unless the parties mutually agree otherwise). The employment dispute resolution rules of the American Arbitration Association ("AAA") effective at the time of filing will apply, a copy of which is available at all times on MyKelly.com or upon request from your Kelly Representative. This Agreement shall be governed by the Federal Arbitration Act[1]. The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law.

**5. Choice of Law.** Both Kelly Services and I agree that any disputes related to my employment relationship with Kelly Services shall be governed by the laws of the State of Michigan (the location of Kelly's world headquarters), regardless of conflicts of law principles.

**6. Limitations on Actions.** Kelly Services and I agree to bring any claims that each party may have against the other within 300 days of the day that such party knew, or should have known, of the facts giving rise to the cause of action, and The parties mutually waive any longer, but not shorter, statutory or other limitations periods. This waiver includes, but is not limited to, the initial filing of a charge with the Equal Employment Opportunity Commission and/or state equivalent civil rights agency. However, I understand that I will thereafter have the right to pursue any federal claim in the manner prescribed in any right to sue letter that is issued by an agency.

**7. Confidentiality of Proceedings.** All arbitration proceedings are confidential, unless applicable law provides otherwise. The arbitrator shall maintain the confidentiality of the arbitration to the extent the law permits, and the Arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

---

[1] For California employees/candidates, both the Federal Arbitration Act and the California Arbitration Act will govern.

---

© 2014 Kelly Services, Inc.                     An Equal Opportunity Employer                     e2442   10/14

**8. Waiver of Class and Collective Claims.** Both Kelly Services and I also agree that all claims subject to this agreement will be arbitrated only on an individual basis, and that both Kelly Services and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding. No party may bring a claim on behalf of other individuals, and no arbitrator hearing any claim under this agreement may: (i) combine more than one individual's claim or claims into a single case; (ii) order, require, participate in or facilitate production of class-wide contact information or notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

**9. Arbitration Fees and Costs.** I understand Kelly Services shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each side shall pay its own costs and attorneys' fees, if any, unless the Arbitrator rules otherwise. If the applicable law affords the prevailing party attorney fees and costs, then the Arbitrator shall apply the same standards that a court would apply to award such fees and costs.

**10. Arbitrator.** The parties agree that the Arbitrator shall be either a retired judge or an attorney who is experienced in employment law and licensed to practice law in the state where the arbitration will be held. The AAA rules shall govern selection of the Arbitrator.

**11. Motions and Discovery.** Notwithstanding any AAA rules to the contrary, either party shall have the right to file Motions to Dismiss and Motions for Summary Adjudication / Judgment. The Federal Rules of Evidence shall apply to all arbitration proceedings under this Agreement. The Code of Civil Procedure for my state of residence shall apply to all discovery requests and proceedings under this Agreement.

**12. Arbitrator's Award.** Regardless of the Arbitrator selected, the Arbitrator's award shall be in writing, with factual findings, reasons given, and evidence cited to support the award. Judgment on the award may be entered in any court having jurisdiction over the matter.

**13. No Retaliation.** I understand that I may have a statutory right (*e.g.*, under the National Labor Relations Act) to act concertedly on behalf of myself and others to challenge this Agreement in any forum, and that if I act concertedly to pursue any such proceeding Kelly Services will not retaliate against me for doing so. I also understand that Kelly Services may seek to enforce this Agreement, including my agreement to arbitrate all claims and my agreement to forego pursuing any claim on a class, collective or representative basis, and may assert this Agreement as a defense in any proceeding.

**14. At-Will Employment.** I further understand that this Agreement is not a contract of continued employment, and that Kelly Services' policy is employment at will, which permits either me or Kelly Services to terminate the employment relationship at any time, with or without cause or advance notice.

**15. Modification and Revocation.** This Agreement can be revoked or modified only by a writing signed by me and an authorized representative of Kelly Services, referencing this Agreement and stating an intent to revoke or modify it. I understand that this Agreement shall survive the termination of my employment and that, should Kelly Services rehire me at any time subsequent to any termination of my employment, this Agreement shall remain in full effect for subsequent periods of employment.

**16. Savings Clause & Conformity Clause.** If any provision of this Agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision and/or the unenforceable or conflicting provision shall be automatically severed and the remainder of the Agreement shall not be affected. Provided, however, that if the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

**17. Headings.** The headings in this Agreement are for convenience only. The headings form no part of this Agreement and shall not affect its interpretation.

**18. Acknowledgement.** I acknowledge that I have carefully read this Agreement, that I understand its terms, and that I have entered into the Agreement voluntarily and not in reliance on any promises or other representations by Kelly Services.

| EMPLOYEE/CANDIDATE | KELLY SERVICES, INC. |
|---|---|
| Amber Middlebrooks:3231 | *Nina M. Ramsey* |
| Signature | Signature of Authorized Representative |
| Amber Noreno Middlebrooks | Nina Ramsey / SVP and Chief Human Resources Officer |
| Print Name | Print Name / Title |
| 12/5/2014 | 12/05/2014 |
| Date | Date |

© 2014 Kelly Services, Inc.                    An Equal Opportunity Employer                    e2442    10/14



# DISPUTE RESOLUTION AND MUTUAL AGREEMENT TO BINDING ARBITRATION

**Internal Dispute Resolution.** I acknowledge that raising issues or concerns internally may address my concerns more efficiently. I further acknowledge that Kelly encourages all employees/candidates to approach immediate supervisors or managers with any issues or concerns they have and, if the matter is not resolved in a timely or satisfactory fashion by those supervisors or managers, to contact the Human Resources Representative who supports their location or the Kelly Business Conduct and Ethics Reporting Program at https://www.integrity-helpline.com/kellyservices.jsp or 1-877-978-0049.

In the event that these internal dispute resolution procedures do not resolve my issues or concerns informally, and in consideration of my employment/consideration for employment with Kelly and Kelly's mutual promise to arbitrate the categories of claims for relief that fall within the scope of this Agreement, I agree as follows:

**1. Agreement to Arbitrate.** Kelly Services, Inc. ("Kelly Services") and I agree to use binding arbitration, instead of going to court, for any "Covered Claims" that arise between me and Kelly Services, its related and affiliated companies, and/or any current or former employee of Kelly Services or any related or affiliated company.

**2. Claims Subject to Agreement.** The "Covered Claims" under this Agreement shall include all common-law and statutory claims relating to my employment, including, but not limited to, any claim for breach of contract, unpaid wages, wrongful termination, unfair competition, and for violation of laws forbidding discrimination, harassment, and retaliation on the basis of race, color, religion, gender, age, national origin, disability, and any other protected status. **I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both Kelly Services and I hereby waive the right to a trial before a judge or jury in federal or state court in favor of arbitration for Covered Claims.**

**3. Exclusions from Agreement.** The Covered Claims under this Agreement do not include claims for employee benefits pursuant to Kelly Services' ERISA plans, worker's compensation claims, unemployment compensation claims, unfair competition claims, and solicitation claims. Any claim that cannot be required to be arbitrated as a matter of law also is not a Covered Claim under this Agreement. Furthermore, nothing in this Agreement prohibits me or Kelly Services from seeking emergency or temporary injunctive relief in a court of law in accordance with applicable law (however, after the court has issued a ruling concerning the emergency or temporary injunctive relief, both I and Kelly Services are required to submit the dispute to arbitration pursuant to this Agreement). I also understand that I am not barred from filing an administrative charge with such governmental agencies as the National Labor Relations Board ("NLRB"), the Department of Labor ("DOL"), and the Equal Employment Opportunity Commission ("EEOC") or similar state agencies, but I understand that I am giving up the opportunity to recover monetary amounts from such charges (*e.g.*, NLRB or EEOC). In other words, I must pursue any claim for monetary relief through arbitration under this Agreement.

**4. Arbitration Rules.** Arbitration under this Agreement shall be on an individual basis before a single arbitrator in the county in which the dispute arose (unless the parties mutually agree otherwise). The employment dispute resolution rules of the American Arbitration Association ("AAA") effective at the time of filing will apply, a copy of which is available at all times on MyKelly.com or upon request from your Kelly Representative. This Agreement shall be governed by the Federal Arbitration Act[1]. The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law.

**5. Choice of Law.** Both Kelly Services and I agree that any disputes related to my employment relationship with Kelly Services shall be governed by the laws of the State of Michigan (the location of Kelly's world headquarters), regardless of conflicts of law principles.

**6. Limitations on Actions.** Kelly Services and I agree to bring any claims that each party may have against the other within 300 days of the day that such party knew, or should have known, of the facts giving rise to the cause of action, and The parties mutually waive any longer, but not shorter, statutory or other limitations periods. This waiver includes, but is not limited to, the initial filing of a charge with the Equal Employment Opportunity Commission and/or state equivalent civil rights agency. However, I understand that I will thereafter have the right to pursue any federal claim in the manner prescribed in any right to sue letter that is issued by an agency.

**7. Confidentiality of Proceedings.** All arbitration proceedings are confidential, unless applicable law provides otherwise. The arbitrator shall maintain the confidentiality of the arbitration to the extent the law permits, and the Arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

---

[1] For California employees/candidates, both the Federal Arbitration Act and the California Arbitration Act will govern.

© 2014 Kelly Services, Inc.                    An Equal Opportunity Employer

e2442    10/14

**8. Waiver of Class and Collective Claims.** Both Kelly Services and I also agree that all claims subject to this agreement will be arbitrated only on an individual basis, and that both Kelly Services and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding. No party may bring a claim on behalf of other individuals, and no arbitrator hearing any claim under this agreement may: (i) combine more than one individual's claim or claims into a single case; (ii) order, require, participate in or facilitate production of class-wide contact information or notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

**9. Arbitration Fees and Costs.** I understand Kelly Services shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each side shall pay its own costs and attorneys' fees, if any, unless the Arbitrator rules otherwise. If the applicable law affords the prevailing party attorney fees and costs, then the Arbitrator shall apply the same standards that a court would apply to award such fees and costs.

**10. Arbitrator.** The parties agree that the Arbitrator shall be either a retired judge or an attorney who is experienced in employment law and licensed to practice law in the state where the arbitration will be held. The AAA rules shall govern selection of the Arbitrator.

**11. Motions and Discovery.** Notwithstanding any AAA rules to the contrary, either party shall have the right to file Motions to Dismiss and Motions for Summary Adjudication / Judgment. The Federal Rules of Evidence shall apply to all arbitration proceedings under this Agreement. The Code of Civil Procedure for my state of residence shall apply to all discovery requests and proceedings under this Agreement.

**12. Arbitrator's Award.** Regardless of the Arbitrator selected, the Arbitrator's award shall be in writing, with factual findings, reasons given, and evidence cited to support the award. Judgment on the award may be entered in any court having jurisdiction over the matter.

**13. No Retaliation.** I understand that I may have a statutory right (*e.g.*, under the National Labor Relations Act) to act concertedly on behalf of myself and others to challenge this Agreement in any forum, and that if I act concertedly to pursue any such proceeding Kelly Services will not retaliate against me for doing so. I also understand that Kelly Services may seek to enforce this Agreement, including my agreement to arbitrate all claims and my agreement to forego pursuing any claim on a class, collective or representative basis, and may assert this Agreement as a defense in any proceeding.

**14. At-Will Employment.** I further understand that this Agreement is not a contract of continued employment, and that Kelly Services' policy is employment at will, which permits either me or Kelly Services to terminate the employment relationship at any time, with or without cause or advance notice.

**15. Modification and Revocation.** This Agreement can be revoked or modified only by a writing signed by me and an authorized representative of Kelly Services, referencing this Agreement and stating an intent to revoke or modify it. I understand that this Agreement shall survive the termination of my employment and that, should Kelly Services rehire me at any time subsequent to any termination of my employment, this Agreement shall remain in full effect for subsequent periods of employment.

**16. Savings Clause & Conformity Clause.** If any provision of this Agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision and/or the unenforceable or conflicting provision shall be automatically severed and the remainder of the Agreement shall not be affected. Provided, however, that if the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

**17. Headings.** The headings in this Agreement are for convenience only. The headings form no part of this Agreement and shall not affect its interpretation.

**18. Acknowledgement.** I acknowledge that I have carefully read this Agreement, that I understand its terms, and that I have entered into the Agreement voluntarily and not in reliance on any promises or other representations by Kelly Services.

| EMPLOYEE/CANDIDATE | KELLY SERVICES, INC. |
|---|---|
| Nhadia Montreuil:0263 | *[signature]* |
| Signature | Signature of Authorized Representative |
| Nhadia Montreuil | Nina Ramsey / SVP and Chief Human Resources Officer |
| Print Name | Print Name / Title |
| 5/7/2015 | 05/07/2015 |
| Date | Date |

© 2014 Kelly Services, Inc.                    An Equal Opportunity Employer                    e2442    10/14



# DISPUTE RESOLUTION AND MUTUAL AGREEMENT TO BINDING ARBITRATION

**Internal Dispute Resolution.** I acknowledge that raising issues or concerns internally may address my concerns more efficiently. I further acknowledge that Kelly encourages all employees/candidates to approach immediate Kelly supervisors or Kelly managers with any issues or concerns they have and, if the matter is not resolved in a timely or satisfactory fashion by those supervisors or managers, to contact the Kelly Human Resources Representative who supports their location or the Kelly Business Conduct and Ethics Reporting Program at https://www.integrity-helpline.com/kellyservices.jsp or 1-877-978-0049.

In the event that these internal dispute resolution procedures do not resolve my issues or concerns informally, and in consideration of my employment/consideration for employment with Kelly and Kelly's mutual promise to arbitrate the categories of claims for relief that fall within the scope of this Agreement, I agree as follows:

**1. Agreement to Arbitrate.** Kelly Services, Inc. and its subsidiaries ("Kelly" or "Kelly Services") and I agree to use binding arbitration, instead of going to court, for any "Covered Claims" that arise between me and Kelly Services, its related and affiliated companies, and/or any current or former employee of Kelly Services or any related or affiliated company. I understand and agree that this Agreement is intended by the parties to be enforceable by me and Kelly, and the rights and obligations under this Agreement directly apply to and benefit me and Kelly Services, Inc. and its subsidiaries, regardless of which of those entities signs this Agreement. This Agreement will survive and apply to any and all periods of employment or re-employment with Kelly Services.

**2. Claims Subject to Agreement.** The "Covered Claims" under this Agreement shall include all common-law and statutory claims relating to my employment, including, but not limited to, any claim for breach of contract, unpaid wages, wrongful termination, and for violation of laws forbidding discrimination, harassment, and retaliation on the basis of race, color, religion, gender, age, national origin, disability, and any other protected status. **I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both Kelly Services and I hereby waive the right to a trial before a judge or jury in federal or state court in favor of arbitration for Covered Claims.**

**3. Exclusions from Agreement.** The Covered Claims under this Agreement do not include claims for employee benefits pursuant to Kelly Services' ERISA plans, worker's compensation claims, unemployment compensation claims, unfair competition claims, and solicitation claims. Any claim that cannot be required to be arbitrated as a matter of law also is not a Covered Claim under this Agreement. Furthermore, nothing in this Agreement prohibits me or Kelly Services from seeking emergency or temporary injunctive relief in a court of law in accordance with applicable law (however, after the court has issued a ruling concerning the emergency or temporary injunctive relief, both I and Kelly Services are required to submit the dispute to arbitration pursuant to this Agreement). I also understand that I am not barred from filing an administrative charge with such governmental agencies as the National Labor Relations Board ("NLRB"), the Department of Labor ("DOL"), and the Equal Employment Opportunity Commission ("EEOC") or similar state agencies, but I understand that I am giving up the opportunity to recover monetary amounts from such charges (*e.g.*, NLRB or EEOC). In other words, I must pursue any claim for monetary relief through arbitration under this Agreement.

**4. Arbitration Rules.** Arbitration under this Agreement shall be on an individual basis before a single arbitrator in the county in which the dispute arose (unless the parties mutually agree otherwise). The employment dispute resolution rules of the American Arbitration Association ("AAA") effective at the time of filing will apply, a copy of which is available at all times on MyKelly.com or upon request from your Kelly Representative. This Agreement shall be governed by the Federal Arbitration Act[1]. The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law.

**5. Choice of Law.** Both Kelly Services and I agree that any disputes related to my employment relationship with Kelly Services shall be governed by the laws of the State of Michigan (the location of Kelly's world headquarters), regardless of conflicts of law principles.

**6. Limitations on Actions.** Kelly Services and I agree to bring any claims that each party may have against the other within 300 days of the day that such party knew, or should have known, of the facts giving rise to the cause of action, and The parties mutually waive any longer, but not shorter, statutory or other limitations periods. This waiver includes, but is not limited to, the initial filing of a charge with the Equal Employment Opportunity Commission and/or state equivalent civil rights agency. However, I understand that I will thereafter have the right to pursue any federal claim in the manner prescribed in any right to sue letter that is issued by an agency.

**7. Confidentiality of Proceedings.** All arbitration proceedings are confidential, unless applicable law provides otherwise. The arbitrator shall maintain the confidentiality of the arbitration to the extent the law permits, and the Arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

---

[1] For California employees/candidates, both the Federal Arbitration Act and the California Arbitration Act will govern.

---

© 2015 Kelly Services, Inc.  An Equal Opportunity Employer  e2442  R5/15

**8. Waiver of Class and Collective Claims.** Both Kelly Services and I also agree that all claims subject to this agreement will be arbitrated only on an individual basis, and that both Kelly Services and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding. No party may bring a claim on behalf of other individuals, and no arbitrator hearing any claim under this agreement may: (i) combine more than one individual's claim or claims into a single case; (ii) order, require, participate in or facilitate production of class-wide contact information or notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

**9. Arbitration Fees and Costs.** I understand Kelly Services shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each side shall pay its own costs and attorneys' fees, if any, unless the Arbitrator rules otherwise. If the applicable law affords the prevailing party attorney fees and costs, then the Arbitrator shall apply the same standards that a court would apply to award such fees and costs.

**10. Arbitrator.** The parties agree that the Arbitrator shall be either a retired judge or an attorney who is experienced in employment law and licensed to practice law in the state where the arbitration will be held. The AAA rules shall govern selection of the Arbitrator.

**11. Motions and Discovery.** Notwithstanding any AAA rules to the contrary, either party shall have the right to file Motions to Dismiss and Motions for Summary Adjudication / Judgment. The Federal Rules of Evidence shall apply to all arbitration proceedings under this Agreement. The Code of Civil Procedure for my state of residence shall apply to all discovery requests and proceedings under this Agreement.

**12. Arbitrator's Award.** Regardless of the Arbitrator selected, the Arbitrator's award shall be in writing, with factual findings, reasons given, and evidence cited to support the award. Judgment on the award may be entered in any court having jurisdiction over the matter.

**13. No Retaliation.** I understand that I may have a statutory right (*e.g.*, under the National Labor Relations Act) to act concertedly on behalf of myself and others to challenge this Agreement in any forum, and that if I act concertedly to pursue any such proceeding Kelly Services will not retaliate against me for doing so. I also understand that Kelly Services may seek to enforce this Agreement, including my agreement to arbitrate all claims and my agreement to forego pursuing any claim on a class, collective or representative basis, and may assert this Agreement as a defense in any proceeding.

**14. At-Will Employment.** I further understand that this Agreement is not a contract of continued employment, and that Kelly Services' policy is employment at will, which permits either me or Kelly Services to terminate the employment relationship at any time, with or without cause or advance notice.

**15. Modification and Revocation.** This Agreement can be revoked or modified only by a writing signed by me and an authorized representative of Kelly Services, referencing this Agreement and stating an intent to revoke or modify it. I understand that this Agreement shall survive the termination of my employment and that, should Kelly Services rehire me at any time subsequent to any termination of my employment, this Agreement shall remain in full effect for subsequent periods of employment.

**16. Savings Clause & Conformity Clause.** If any provision of this Agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision and/or the unenforceable or conflicting provision shall be automatically severed and the remainder of the Agreement shall not be affected. Provided, however, that if the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

**17. Headings.** The headings in this Agreement are for convenience only. The headings form no part of this Agreement and shall not affect its interpretation.

**18. Acknowledgement.** I acknowledge that I have carefully read this Agreement, that I understand its terms, and that I have entered into the Agreement voluntarily and not in reliance on any promises or other representations by Kelly Services.

| EMPLOYEE/CANDIDATE | KELLY SERVICES |
|---|---|
| Erica Ramsey:3332 | *Nina M. Ramsey* |
| Signature | Signature of Authorized Representative |
| Erica Ramsey | Nina Ramsey / SVP and Chief Human Resources Officer |
| Print Name | Print Name / Title |
| 7/14/2015 | 07/14/2015 |
| Date | Date |

© 2015 Kelly Services, Inc.                    An Equal Opportunity Employer                    e2442    R5/15



# DISPUTE RESOLUTION AND MUTUAL
# AGREEMENT TO BINDING ARBITRATION

**Internal Dispute Resolution.** I acknowledge that raising issues or concerns internally may address my concerns more efficiently. I further acknowledge that Kelly encourages all employees/candidates to approach immediate supervisors or managers with any issues or concerns they have and, if the matter is not resolved in a timely or satisfactory fashion by those supervisors or managers, to contact the Human Resources Representative who supports their location or the Kelly Business Conduct and Ethics Reporting Program at https://www.integrity-helpline.com/kellyservices.jsp or 1-877-978-0049.

In the event that these internal dispute resolution procedures do not resolve my issues or concerns informally, and in consideration of my employment/consideration for employment with Kelly and Kelly's mutual promise to arbitrate the categories of claims for relief that fall within the scope of this Agreement, I agree as follows:

**1. Agreement to Arbitrate.** Kelly Services, Inc. ("Kelly Services") and I agree to use binding arbitration, instead of going to court, for any "Covered Claims" that arise between me and Kelly Services, its related and affiliated companies, and/or any current or former employee of Kelly Services or any related or affiliated company.

**2. Claims Subject to Agreement.** The "Covered Claims" under this Agreement shall include all common-law and statutory claims relating to my employment, including, but not limited to, any claim for breach of contract, unpaid wages, wrongful termination, unfair competition, and for violation of laws forbidding discrimination, harassment, and retaliation on the basis of race, color, religion, gender, age, national origin, disability, and any other protected status. **I understand and agree that arbitration is the only forum for resolving Covered Claims, and that both Kelly Services and I hereby waive the right to a trial before a judge or jury in federal or state court in favor of arbitration for Covered Claims.**

**3. Exclusions from Agreement.** The Covered Claims under this Agreement do not include claims for employee benefits pursuant to Kelly Services' ERISA plans, worker's compensation claims, unemployment compensation claims, unfair competition claims, and solicitation claims. Any claim that cannot be required to be arbitrated as a matter of law also is not a Covered Claim under this Agreement. Furthermore, nothing in this Agreement prohibits me or Kelly Services from seeking emergency or temporary injunctive relief in a court of law in accordance with applicable law (however, after the court has issued a ruling concerning the emergency or temporary injunctive relief, both I and Kelly Services are required to submit the dispute to arbitration pursuant to this Agreement). I also understand that I am not barred from filing an administrative charge with such governmental agencies as the National Labor Relations Board ("NLRB"), the Department of Labor ("DOL"), and the Equal Employment Opportunity Commission ("EEOC") or similar state agencies, but I understand that I am giving up the opportunity to recover monetary amounts from such charges (*e.g.*, NLRB or EEOC). In other words, I must pursue any claim for monetary relief through arbitration under this Agreement.

**4. Arbitration Rules.** Arbitration under this Agreement shall be on an individual basis before a single arbitrator in the county in which the dispute arose (unless the parties mutually agree otherwise). The employment dispute resolution rules of the American Arbitration Association ("AAA") effective at the time of filing will apply, a copy of which is available at all times on MyKelly.com or upon request from your Kelly Representative. This Agreement shall be governed by the Federal Arbitration Act[1]. The Arbitrator shall have the authority to award the same damages and other relief that would have been available in court pursuant to applicable law.

**5. Choice of Law.** Both Kelly Services and I agree that any disputes related to my employment relationship with Kelly Services shall be governed by the laws of the State of Michigan (the location of Kelly's world headquarters), regardless of conflicts of law principles.

**6. Limitations on Actions.** Kelly Services and I agree to bring any claims that each party may have against the other within 300 days of the day that such party knew, or should have known, of the facts giving rise to the cause of action, and The parties mutually waive any longer, but not shorter, statutory or other limitations periods. This waiver includes, but is not limited to, the initial filing of a charge with the Equal Employment Opportunity Commission and/or state equivalent civil rights agency. However, I understand that I will thereafter have the right to pursue any federal claim in the manner prescribed in any right to sue letter that is issued by an agency.

**7. Confidentiality of Proceedings.** All arbitration proceedings are confidential, unless applicable law provides otherwise. The arbitrator shall maintain the confidentiality of the arbitration to the extent the law permits, and the Arbitrator shall have the authority to make appropriate rulings to safeguard that confidentiality.

---

[1] For California employees/candidates, both the Federal Arbitration Act and the California Arbitration Act will govern.

© 2014 Kelly Services, Inc.                    An Equal Opportunity Employer                    e2442    10/14

**8. Waiver of Class and Collective Claims.** Both Kelly Services and I also agree that all claims subject to this agreement will be arbitrated only on an individual basis, and that both Kelly Services and I waive the right to participate in or receive money or any other relief from any class, collective, or representative proceeding. No party may bring a claim on behalf of other individuals, and no arbitrator hearing any claim under this agreement may: (i) combine more than one individual's claim or claims into a single case; (ii) order, require, participate in or facilitate production of class-wide contact information or notification of others of potential claims; or (iii) arbitrate any form of a class, collective, or representative proceeding.

**9. Arbitration Fees and Costs.** I understand Kelly Services shall pay all costs uniquely attributable to arbitration, including the administrative fees and costs of the arbitrator. Each side shall pay its own costs and attorneys' fees, if any, unless the Arbitrator rules otherwise. If the applicable law affords the prevailing party attorney fees and costs, then the Arbitrator shall apply the same standards that a court would apply to award such fees and costs.

**10. Arbitrator.** The parties agree that the Arbitrator shall be either a retired judge or an attorney who is experienced in employment law and licensed to practice law in the state where the arbitration will be held. The AAA rules shall govern selection of the Arbitrator.

**11. Motions and Discovery.** Notwithstanding any AAA rules to the contrary, either party shall have the right to file Motions to Dismiss and Motions for Summary Adjudication / Judgment. The Federal Rules of Evidence shall apply to all arbitration proceedings under this Agreement. The Code of Civil Procedure for my state of residence shall apply to all discovery requests and proceedings under this Agreement.

**12. Arbitrator's Award.** Regardless of the Arbitrator selected, the Arbitrator's award shall be in writing, with factual findings, reasons given, and evidence cited to support the award. Judgment on the award may be entered in any court having jurisdiction over the matter.

**13. No Retaliation.** I understand that I may have a statutory right (*e.g.*, under the National Labor Relations Act) to act concertedly on behalf of myself and others to challenge this Agreement in any forum, and that if I act concertedly to pursue any such proceeding Kelly Services will not retaliate against me for doing so. I also understand that Kelly Services may seek to enforce this Agreement, including my agreement to arbitrate all claims and my agreement to forego pursuing any claim on a class, collective or representative basis, and may assert this Agreement as a defense in any proceeding.

**14. At-Will Employment.** I further understand that this Agreement is not a contract of continued employment, and that Kelly Services' policy is employment at will, which permits either me or Kelly Services to terminate the employment relationship at any time, with or without cause or advance notice.

**15. Modification and Revocation.** This Agreement can be revoked or modified only by a writing signed by me and an authorized representative of Kelly Services, referencing this Agreement and stating an intent to revoke or modify it. I understand that this Agreement shall survive the termination of my employment and that, should Kelly Services rehire me at any time subsequent to any termination of my employment, this Agreement shall remain in full effect for subsequent periods of employment.

**16. Savings Clause & Conformity Clause.** If any provision of this Agreement is determined to be unenforceable or in conflict with a mandatory provision of applicable law, it shall be construed to incorporate any mandatory provision and/or the unenforceable or conflicting provision shall be automatically severed and the remainder of the Agreement shall not be affected. Provided, however, that if the Waiver of Class and Collective Claims is found to be unenforceable, then any claim brought on a class, collective or representative action basis must be filed in a court of competent jurisdiction, and such court shall be the exclusive forum for such claims.

**17. Headings.** The headings in this Agreement are for convenience only. The headings form no part of this Agreement and shall not affect its interpretation.

**18. Acknowledgement.** I acknowledge that I have carefully read this Agreement, that I understand its terms, and that I have entered into the Agreement voluntarily and not in reliance on any promises or other representations by Kelly Services.

| EMPLOYEE/CANDIDATE | KELLY SERVICES, INC. |
|---|---|
| Kenneth Thomas:6020 | *Nina M. Ramsey* |
| Signature | Signature of Authorized Representative |
| Kenneth Thomas | Nina Ramsey / SVP and Chief Human Resources Officer |
| Print Name | Print Name / Title |
| 5/5/2015 | 05/05/2015 |
| Date | Date |

© 2014 Kelly Services, Inc.         An Equal Opportunity Employer                    e2442    10/14