UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


**JONATHAN GAFFERS,** individually, and on
behalf of others similarly situated,

        Plaintiffs,

                                      Case No. 16-10128

v.

                                        Hon. David M. Lawson

**KELLY SERVICES, INC.,**
a Michigan corporation

        Defendant.

---

| SEYFARTH SHAW, LLP | KIENBAUM OPPERWALL HARDY & |
|---|---|
| BY:    Gerald L. Maatman, Jr. | PELTON, P.L.C. |
| ***Attorney for Defendant*** | BY:   William B. Forrest III |
| 131 S. Dearborn Street | ***Attorney for Defendant*** |
| Suite 2400 | 280 North Old Woodward Avenue, Suite |
| Chicago, IL 60603 | 400 |
| 312-460-5000 | Birmingham, Michigan 48009 |
| gmaatman@seyfarth.com | Office:  248-645-0000 |
|  | Fax:  248-723-1110 |
|  | wforrest@kohp.com |

---

**DEFENDANT KELLY SERVICES, INC.'S BRIEF IN SUPPORT OF ITS
<u>MOTION TO DISMISS THE COMPLAINT</u>**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................ 1

PROCEDURAL HISTORY........................................................................................... 1

RELEVANT COMPLAINT ALLEGATIONS ............................................................ 2

LEGAL STANDARDS ................................................................................................ 3

ARGUMENT ............................................................................................................... 4

I.     THE COMPLAINT DOES NOT ALLEGE WORK IN EXCESS OF 40 HOURS PER WEEK.................................................................................................................. 5

II.    THE COMPLAINT FAILS TO ALLEGE ANY COMPENSABLE TECHNICAL TIME................................................................................................................. 7

III.  THE COMPLAINT FAILS TO ALLEGE KELLY'S KNOWLEDGE ............................. 9

IV.  THE ALLEGED UNCOMPENSATED OVERTIME IS *DE MINIMIS* AND THUS NON-COMPENSABLE........................................................................................ 10

       A.    Plaintiff Gaffers Does Not Allege That Kelly Could Have Recorded The Purported Overtime............................................................................................ 12

       B.    The Alleged "3 To 10 Minutes Per Day" Of Uncompensated Overtime Is *De Minimis* ......................................................................................................... 13

CONCLUSION............................................................................................................ 14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acho v. Cort*,
No. 09-00157, 2009 WL 3562472 (N.D. Cal. Oct. 27, 2009) ...................................................5

*Aguilar v. United States*,
38 Fed. Cl. 431 (Fed. Cl. 1997) ...........................................................13

*Aiken v. City of Memphis, Tennessee*,
190 F.3d 753 (6th Cir. 1999) ...........................................................10, 11, 12

*Anderson v. Mt. Clemens Pottery Co.*,
328 U.S. 680 (1946) ...........................................................11

*Anderson v. Pilgrim's Pride Corp.*,
147 F. Supp. 2d 556 (E.D. Tex. 2001) ...........................................................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................3, 4, 5

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*,
502 F.3d 545 (6th Cir. 2007) ...........................................................4

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................3, 4

*Brown v. Chase Bank, N.A.*,
No. 12-11440, 2013 WL 1281919 (E.D. Mich. Mar. 26, 2013) ...........................................................4, 10

*Busk v. Integrity Staffing Systems*,
135 S. Ct. 513 (2014) ...........................................................8

*Carlsen v. United States*,
521 F.3d 1371 (Fed. Cir. 2008) ...........................................................13

*Carter v. Panama Canal Co.*,
314 F. Supp. 386 (D.D.C. 1970) ...........................................................13

*Ceja-Corona v. CVS Pharmacy, Inc.*,
No. 12-01868, 2013 WL 796649 (E.D. Cal. March 4, 2013) ...........................................................11

*Farris v. County of Riverside*,
667 F. Supp. 2d 1151 (C.D. Cal. 2009) ...........................................................13

*Gifford v. Meda*,
   No. 09-13486, 2010 WL 1875096 (E.D. Mich. 2010)................................................6

*Green v. Planters Nut Chocolate Co.*,
   177 F.2d 187 (4th Cir. 1949) ..................................................................................13

*Hall v. Plastipak*,
   No. 15-11428, 2015 WL 5655888 (E.D. Mich. Sept. 25, 2015)..............................5, 6

*Hill v. U.S.*,
   751 F.2d 810 (6th Cir. 1984) ...................................................................................12

*Jones-Turner v. Yellow Enteprise Systems, LLC*,
   597 Fed.Appx. 293 (6th Cir. 2015)............................................................................9

*Kilgore v. Outback Steakhouse of Florida, Inc.*,
   160 F.3d 294 (6th Cir. 1998) ....................................................................................5

*Lindow v. U.S.*,
   738 F.2d 1057 (9th Cir. 1984) ....................................................................10, 11, 12

*Mayer v. Mylod*,
   988 F.2d 635 (6th Cir. 1993) ....................................................................................3

*Mezibov v. Allen*,
   411 F.3d 712 (6th Cir. 2005) ....................................................................................3

*Perez v. Wells Fargo and Co.*,
   No. 14-0989, 2015 WL 1887354 (N.D. Cal. April 24, 2015)...................................11

*Singh v. City of New York*,
   524 F.3d 361 (2d Cir. 2008)....................................................................................11

*Smith v. Northstar Dining Chesterfield, LLC*,
   No. 12-14311, 2014 WL 4829591 (E.D. Mich. Sept. 29, 2014)................................9

*Waine-Golston v. Time Warner Entertainment-Advance/New House Partnership*,
   No. 11-1057, 2013 WL 1285535 (S.D. Cal. March 27, 2013) .................................13

*White v. Baptist Memorial Health Care Corp.*,
   699 F.3d 869 (6th Cir. 2012) ................................................................................9, 10

*Wood v. Mid-America Mgmt. Corp.*,
   192 F. App'x 378 (6th Cir. 2006) .............................................................................12

*Yuhasz v. Brush Wellman, Inc.*,
   341 F.3d 559 (6th Cir. 2003) ....................................................................................3

**Statutes**

29 U.S.C. § 254(a)(2) ...................................................................................................8

Fair Labor Standards Act ..................................................................................... *passim*

**Other Authorities**

E.D. Mich. LR 7.1 ..........................................................................................................2

Federal Rule of Civil Procedure 12(b)(6) ...........................................................1, 3, 4

Federal Rule of Civil Procedure 8 ...........................................................................3, 4

Federal Rule of Civil Procedure 23 ...........................................................................1

## **ISSUES PRESENTED**

1.      Does the Complaint sufficiently allege uncompensated overtime "for a workweek longer than forty hours," as required by the FLSA?

*Suggested Answer: No.*

2.      Does the Complaint sufficiently allege uncompensated overtime "in connection with technical issues"?

*Suggested Answer: No.*

3.      Does the Complaint sufficiently allege uncompensated work time that is more than *de minimis*?

*Suggested Answer: No.*

4.      Does the Complaint sufficiently allege that Kelly had actual or constructive knowledge of the alleged uncompensated work?

*Suggested Answer: No.*

## <u>CONTROLLING/MOST APPROPRIATE AUTHORITIES</u>

**Page(s)**

**Cases**

*Aiken v. City of Memphis, Tennessee*,
  190 F.3d 753 (6th Cir. 1999) ...................................................................10, 11, 12

*Anderson v. Mt. Clemens Pottery Co.*,
  328 U.S. 680 (1946)...................................................................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)...............................................................................................3, 4, 5

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*,
  502 F.3d 545 (6th Cir. 2007) ..................................................................................4

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007).................................................................................................3, 4

*Brown v. Chase Bank, N.A.*,
  No. 12-11440, 2013 WL 1281919 (E.D. Mich. Mar. 26, 2013) ..........................4, 10

*Busk v. Integrity Staffing Systems*,
  135 S. Ct. 513 (2014)..............................................................................................8

*Carlsen v. United States*,
  521 F.3d 1371 (Fed. Cir. 2008)..............................................................................13

*Gifford v. Meda*,
  No. 09-13486, 2010 WL 1875096 (E.D. Mich. 2010).............................................6

*Hall v. Plastipak*,
  No. 15-11428, 2015 WL 5655888 (E.D. Mich. Sept. 25, 2015)..........................5, 6

*Hill v. U.S.*,
  751 F.2d 810 (6th Cir. 1984) .................................................................................12

*Jones-Turner v. Yellow Enteprise Systems, LLC*,
  597 Fed.Appx. 293 (6th Cir. 2015).........................................................................9

*Kilgore v. Outback Steakhouse of Florida, Inc.*,
  160 F.3d 294 (6th Cir. 1998) .................................................................................5

*Lindow v. U.S.*,
  738 F.2d 1057 (9th Cir. 1984) ...................................................................10, 11, 12

*Mayer v. Mylod*,
  988 F.2d 635 (6th Cir. 1993) .................................................................................3

*Mezibov v. Allen*,
    411 F.3d 712 (6th Cir. 2005) ...............................................................................3

*Smith v. Northstar Dining Chesterfield, LLC*,
    No. 12-14311, 2014 WL 4829591 (E.D. Mich. Sept. 29, 2014).................................9

*White v. Baptist Memorial Health Care Corp.*,
    699 F.3d 869 (6th Cir. 2012) ........................................................................9, 10

*Wood v. Mid-America Mgmt. Corp.*,
    192 F. App'x 378 (6th Cir. 2006) ......................................................................12

*Yuhasz v. Brush Wellman, Inc.*,
    341 F.3d 559 (6th Cir. 2003) ...............................................................................3

## INTRODUCTION

In this lawsuit, Plaintiff Jonathan Gaffers ("Plaintiff" or "Plaintiff Gaffers") brings a putative collective action against Kelly Services, Inc. ("Kelly") under Section 216(b) of the Fair Labor Standards Act ("FLSA"), alleging unpaid overtime for certain pre-shift and post-shift work, and unpaid overtime "in connection with technical issues." (Complaint, ECF No. 1 ¶ 4.)[1] The Complaint fails to state a claim for four principal reasons. *First*, other than two weeks for which Plaintiff Gaffers alleges he was in fact paid overtime, the Complaint fails to allege that either Plaintiff Gaffers or any other putative collective action member ever worked more than 40 hours in any week. *Second*, despite purportedly seeking relief, in part, for uncompensated overtime "in connection with technical issues," the Complaint fails to allege a single instance of Plaintiff Gaffers or any other putative collective action member ever experiencing "technical issues" resulting in uncompensated overtime. *Third*, the Complaint fails to allege that Kelly was, could have, or should have been aware of any uncompensated time allegedly worked by Plaintiff Gaffers or any other putative collective action member. Finally, even accepting the well-pled factual allegations as true, the Complaint alleges no more than non-actionable *de minimis* uncompensated time. Thus, under Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss the Complaint.

## PROCEDURAL HISTORY

Between February 5, 2015 and February 16, 2016, counsel for Kelly and counsel for Plaintiffs exchanged correspondence regarding, *inter alia*, the insufficiency of Plaintiffs' allegations. (Maatman Decl. ¶ 3-8, Exs. 1-6.) Counsel for Kelly suggested that some arguments regarding deficiencies in the Complaint "potentially could be addressed by an amendment to the

---

[1] The Complaint also brought a claims for breach of contract on behalf of a putative nationwide Rule 23 class. On February 18, 2016, the parties stipulated to Plaintiffs' voluntary dismissal of Plaintiffs' breach of contract claims. (ECF No. 21.) Subsequently, the Court dismissed that claim. (ECF No. 23.)

Complaint in advance of motion practice." (Maatman Decl. ¶ 6, Ex. 4.) On February 17, 2016,

pursuant to E.D. Mich. LR 7.1 and this Court's Practice Guidelines, counsel for Kelly and

counsel for Plaintiffs met and conferred telephonically regarding, *inter alia*, the alleged

insufficiency of the Complaint's allegations. (*Id.* ¶ 9.) Without elaboration, counsel for

Plaintiffs disagreed that the Complaint, as pled, is insufficient, and indicated that counsel would

not consent to the relief requested. (*Id.* ¶ 10.) Thus, the parties were unable to agree. (*Id.* ¶ 11.)

## RELEVANT COMPLAINT ALLEGATIONS

On January 14, 2016, Plaintiff Gaffers filed the operative Complaint, seeking relief "on

behalf of himself and all other similarly situated [home-based customer care agents] to obtain

declaratory relief and recover unpaid wages and overtime, liquidated damages, penalties, fees

and costs, pre- and post-judgment interest, and any other remedies to which they may be

entitled." (Complaint, ECF No. 1 ¶ 26.) The Complaint seeks relief for members of a putative

collective action under the FLSA, *id.* ¶ 60, alleging:

> Defendant does not compensate its home-based customer care agents (hereinafter
> "HBCCAs") for all work performed including work performed at the beginning of
> each shift in connection with starting and logging into various computer programs
> and applications; during each shift in connection with technical issues; and
> subsequent to each shift in connection with shutting down and logging out of
> various computer programs and applications. Defendant's compensation policies
> result in HBCCAs not being paid for all time worked and for all of their work,
> including overtime, in violation of the FLSA and state contract law.

(Complaint, ECF No. 1 ¶ 4.)

The Complaint alleges that "prior to each shift Plaintiff is required to start-up and log-in

to various secure computer programs, software programs, servers and applications, in order to

access information and software. The start-up and log-in process takes substantial time on a daily

basis with said time ranging from 10 to 15 minutes per day." (Complaint, ECF No. 1 ¶ 11.) The

Complaint further alleges that at the "end of each shift, Plaintiff is required to shutdown and log-

out of the various secure computer programs, software programs, servers and applications," and

2

that the "shutdown and log-out process takes substantial time on a daily basis with said time ranging from 3 to 5 minutes per day." (*Id.* ¶ 12.)  The Complaint alleges that under Kelly's "compensation policies, Plaintiff and other HBCAAs are only paid a per shift maximum of 10 minutes for the time they work in connection pre-shift start-up and log-in and post-shift shutdown and log-out functions." (*Id.* ¶ 13.)

With regard to "technical issues," the Complaint alleges that "Defendant fails to pay Plaintiff and its HBCAAs for all time they spend dealing with" technical issues, and that "Plaintiff and other HBCAAs are only paid for the time they are actually speaking to a member of Defendant's technical support team, and in no event are they paid for more than 1 hour of time." (*Id.* ¶ 20.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the sufficiency of the complaint. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice. *Id.*  As the Supreme Court explained in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), under Rule 8, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  Instead, to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient to "state a claim to relief that is plausible on its face," *i.e.,* facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570; *see*

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (recognizing that the Supreme Court "disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*").  Plaintiffs must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

The Supreme Court stated that: (1) "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions;" and (2) "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79 (internal quotations omitted).  In other words, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" and must be dismissed.  *Id*. at 678 (internal quotations omitted).  As this Court has explained:

> Under the new regime ushered in by *Twombly* and *Iqbal*, pleaded facts must be accepted by the reviewing court but conclusions may not be unless they are plausibly supported by the pleaded facts. "[B]are assertions," such as those that "amount to nothing more than a 'formulaic recitation of the elements' " of a claim, can provide context to the factual allegations, but are insufficient to state a claim for relief and must be disregarded.

*Brown v. Chase Bank, N.A.*, No. 12-11440, 2013 WL 1281919, at *3 (E.D. Mich. Mar. 26, 2013) (Lawson, J.) (citing *Iqbal*, 556 U.S. at 681).

## ARGUMENT

The threshold requirement of a "plain statement" under Rule 8(a)(2) requires the complaint to "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 545.  If allegations in a complaint do not raise a claim of entitlement to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (quoting *Daves v. Hawaiian Dredging Co.*, 114 F. Supp 643, 645 (D. Haw. 1953)).  The operative Complaint in this case fails to meet this standard, and should be dismissed.

I.    **THE COMPLAINT DOES NOT ALLEGE WORK IN EXCESS OF
      40 HOURS PER WEEK**

As a threshold matter, the law is clear that to sustain a claim for unpaid overtime under

the FLSA, a plaintiff must allege that he or she worked in excess of 40 hours in one workweek.

*See, e.g.*, *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294 (6th Cir. 1998) (citing 29

U.S.C. § 206(a) (establishing a week as the unit of time that should be used in calculating

whether an employee receives the minimum wage).); *Acho v. Cort*, No. 09-00157, 2009 WL

3562472, at *2 (N.D. Cal. Oct. 27, 2009) ("In order to plead sufficient facts, the plaintiff must

indicate facts supporting the following: (1) defendant was plaintiff's employer; (2) plaintiff

worked more than forty hours in a week; and (3) plaintiff did not receive compensation for his

employment in excess of the forty hours.")

"The Sixth Circuit has not had occasion to review the pleading standards for inadequate

overtime compensation rates under the FLSA since the Supreme Court decided *Ashcroft v. Iqbal*

in 2009." *Hall v. Plastipak*, No. 15-11428, 2015 WL 5655888, at *2 (E.D. Mich. Sept. 25,

2015). Thus, in *Hall*, Judge Cleland considered "sister circuits' post-*Iqbal* holdings" to

determine the necessary pleadings for an FLSA cause of action, adopting "the standard that a

complaint of FLSA violations must do more than parrot the text of a statute or the elements of a

claim." *Id.* at *3. The court in *Hall* explained:

> In the instant case, Plaintiffs' complaint alleges that "Plaintiffs regularly worked
> over 40 hours per week . . . during the relevant employment period." (Dkt. # 1,
> Pg. ID 5.) Furthermore, Plaintiffs state that "Defendants paid Plaintiffs just their
> regular hourly rate of pay for hours worked over 40 in a week . . . , and failed to
> pay Plaintiffs one and one half times their regular rates of pay for all hours
> worked over 40 in a week." (*Id.* at Pg. ID 6.) The allegations throughout the
> complaint never become more specific. Indeed, Plaintiffs note that "the damages
> for the Class Members can be easily calculated by a simple formula," but fail to
> provide such a formula or any numeric estimate of uncompensated hours or wages
> owed to support their conclusions. (*Id.* at Pg. ID 7.) As a result, Plaintiffs'
> complaint presently lacks the specificity and factual allegations that *Twombly* and
> *Iqbal* require to state a claim upon which relief can be granted. *See Iqbal*, 556
> U.S. at 678 (quoting *Twombly*, 550 U.S. at 570 for the proposition that "a

5

> complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'"). As a result, the court must grant Defendant's Motion to Dismiss for a lack of specificity.

*Id.*

*Hall* described an allegation that a Plaintiff "regularly worked hours over 40 in a week" as "one of those borderline phrases" that, "while not stating [an] ultimate legal conclusion[, was] nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual." *Id.* at *2 (quoting *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012)); *see also id.* at *3 (citing *Gifford v. Meda*, No. 09-13486, 2010 WL 1875096, at *22 (E.D. Mich. 2010) (Borman, J.) ("Where the plaintiff alleges violations of the FLSA's . . . overtime wage provisions, the complaint should, at least approximately, allege the hours worked for which these wages were not received").

The Complaint here likewise fails to approximate or even mention the "hours worked for which these wages were not received," as the court in *Gifford* suggested. More critically, however, the Complaint does not even go so far as to allege (in any fashion, conclusory or otherwise), that Plaintiff Gaffers or any putative collective action member "regularly worked hours over 40 in a week." (*See* Complaint, ECF No.1.) The operative Complaint contains just two paragraphs referencing work in excess of 40 hours. (*Id.* ¶¶ 52 & 83.) The only allegations with regard to Plaintiff Gaffers pertain to two weeks for which Gaffers alleges he was paid overtime. With the exception of those two weeks, the Complaint fails to allege that Plaintiff Gaffers or any other putative collective action member ever worked in excess of 40 hours in any week at any point in the putative collective action period.

With regard to the other putative collective action members, the Complaint dances around the point, doing no more than to make the tautological allegation that *if* any Plaintiff "worked 40 hours or more," they would be entitled to overtime compensation. (*Id.* ¶ 83.)

Critically, however, the Complaint does not allege that any putative collective action member actually did work "40 hours or more" at any point.

In the putative collective action period of 156 weeks, the allegations in the Complaint "never become more specific" than an allusion to just two weeks during which Plaintiff Gaffers alleges he was paid overtime (but claims he should have been paid more). As to Plaintiff Gaffers, there are no allegations regarding the other 154 weeks in the putative collective action period. As to the other putative collective action members, the Complaint is entirely silent. That silence is deafening. The Complaint's failure to allege any workweek in excess of 40 hours for any other putative collective action member is fatal, and the Complaint should be dismissed.

## II.   THE COMPLAINT FAILS TO ALLEGE ANY COMPENSABLE TECHNICAL TIME

Putting aside the Complaint's conclusory allegations with regard to 10 to 15 minutes per day supposedly spent in connection with the "start-up and log-in process," and the 3 to 5 minutes per day purportedly dedicated to the "shutdown and log-out process," *id.* ¶¶ 11–12, the Complaint seeks relief for time spent "in connection with technical issues." (*Id.* ¶ 4.)

The Complaint goes on to allege in conclusory fashion that "Defendant's technical downtime compensation policies result in Plaintiff and the putative Class being withheld substantial compensation on a daily and weekly basis." (*Id.* ¶ 23.) However, Plaintiff fails to allege even a single instance of "experiencing technical issues" for which he alleges he was not compensated. (*Id.* ¶ 18.)

This is true even of his "examples of specific workweeks where Defendant failed to pay Plaintiff for hours worked in excess of 40 hours." (*Id.* ¶ 52(a) (alleging Plaintiff Gaffers was paid for 0.46 hours of overtime); ¶ 52(b) (alleging Plaintiff Gaffers was paid for 0.70 hours of overtime).) More specifically, while the Complaint alleges that "Plaintiff is entitled to overtime wages in association with any unpaid work related to technical issues experienced during the

7

workweek," *see id.* ¶¶ 52(a) & ¶ 52(b), Plaintiff Gaffers fails to allege a *single instance* of "any unpaid work related to technical issues experienced during the workweek."  More to the point, other than a passing allusion to Plaintiff Gaffers being "disconnected from Defendants' computer systems and/or software programs/applications"…"at periodic times both prior to or during his work shifts," *see id.* ¶ 17, the Complaint fails to specifically allege any instance of "technical issues experienced during the workweek" for Plaintiff Gaffers or any other putative collective action member, much less technical issues that resulted in unpaid overtime.  (*Id.*)  These omissions are fatal to any relief sought for allegedly uncompensated overtime "in connection with technical issues."

In addition to its failure to allege any actual instance of uncompensated time in connection with "technical issues," the Complaint fails to specify *when* the "technical issues" are allegedly experienced, vis a vis the normal workday.  Plaintiff alleges that "*at periodic times both prior to or during* his work shifts Plaintiff is disconnected from Defendants' computer systems and/or software programs/applications."  (*See* (Complaint, ECF No.1. ¶ 17 (emphasis added).)  Under the Portal-to-Portal Act, activities "preliminary to or postliminary to [the employee's] principal activity" are not compensable.  29 U.S.C. § 254(a)(2); *id.* § 254(a)(1) ("walking, riding, or traveling to and from the actual place of performance of the principal activity" are not compensable).  Similarly, the Supreme Court has clearly held that time spent allegedly waiting for and passing through a security screening is not compensable work under the FLSA. *Busk v. Integrity Staffing Systems*, 135 S. Ct. 513, 518-19 (2014).  That the Complaint fails to allege any specific instances of time spent "in connection with technical issues" exacerbates the imprecision with which the "technical issues" are pled.  Nonetheless, unspecified "technical issues" occuring before and after Plaintiffs' scheduled shift are as non-

8

compensable as the daily commute of a non-remote worker or time spent in connection with a security screening.

## III.     THE COMPLAINT FAILS TO ALLEGE KELLY'S KNOWLEDGE

Plaintiffs bear the burden of proving "by a preponderance of the evidence that he or she performed work for which he or she was not properly compensated."  *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012) (quoting *Myers v. Copper Cellar Corp.*, 192 F.3d 546, 551 (6th Cir. 1999).  Critically, "[b]ecause an employer must have an opportunity to comply with the FLSA, *the employee's burden* is to establish that the employer 'knows or has reason to believe that [the employee] is continuing to work.'" *Smith v. Northstar Dining Chesterfield, LLC*, No. 12-14311, 2014 WL 4829591, at *4 (E.D. Mich. Sept. 29, 2014) (emphasis added) (citing 29 C.F.R. § 785.11); *Jones-Turner v. Yellow Enteprise Systems, LLC*, 597 Fed.Appx. 293, 297-98 (6th Cir. 2015) (holding that a claim failed where plaintiffs did not demonstrate that their employer "had either constructive or actual knowledge that they were not receiving compensation for missed meal breaks").

The Complaint fails to plausibly plead facts showing that their alleged work time is compensable, because they fail to sufficiently allege that Kelly knew, could have known, or should have known about the alleged "off the clock" overtime.  The Complaint is bereft of any factual allegation regarding this central element of the FLSA claim.  Ostensibly to attempt satisfy this burden, the Complaint alleges:

> Defendant knew or could have easily determined how long it takes for its HBCCAs to complete the pre-shift start-up and log-in process, and the post-shift log-out process, and Defendant could have properly compensated Plaintiff and the putative Class for the off-the-clock work they performed, but did not.

> Defendant know or could have easily determined the amount of unpaid time that its HBCCAs spend in connection with technical issues and could have paid the employees for this time, but did not.

> Defendant knew or could have easily determined how long it takes for its HBCCAs to complete the pre-shift start-up and log-in process, and the post-shift log-out process, and Defendant could have properly compensated Plaintiff and the putative Class for the off-the-clock work they performed, but did not.

> Defendant know or could have easily determined the amount of unpaid time that its HBCCAs spend in connection with technical issues and could have paid the employees for this time, but did not.

(Complaint, ECF No. 1 ¶¶ 24, 25, 49, 50; *see also id.* ¶ 85.)  These allegations are the very definition of "formulaic recitation of the elements of a cause of action" and "legal conclusions masquerading as factual allegations."  They do not even begin to suggest how or why Kelly was or could have been aware of the precise minute-by-minute details of the activities of remotely-based employees such as Plaintiff Gaffers, apart from the Complaint's conclusory *ipse dixit*.

As mere conclusions not "plausibly supported by the pleaded facts," Plaintiffs' allegations regarding Kelly's knowledge of the alleged "off the clock" work are not entitled to the presumption of truth, and should be disregarded.  *See*, *e.g.*, *Brown*, 2013 WL 1281919, at *3. The Complaint is devoid of any other allegation even suggesting that Kelly knew or had reason to know about the Plaintiffs' allegedly uncompensated work time.  "[W]here an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours is not a violation of [the FLSA]."  *White*, 699 F.3d at 875 (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)). Thus, the Complaint fails as a matter of law.

## IV.   THE ALLEGED UNCOMPENSATED OVERTIME IS *DE MINIMIS* AND THUS NON-COMPENSABLE

Under the FLSA, a plaintiff cannot recover for otherwise compensable time if the allegedly uncompensated time is *de minimis*.  *See*, *e.g.*, *Lindow v. U.S.*, 738 F.2d 1057, 1062 (9th Cir. 1984) ("As a general rule, employees cannot recover for otherwise compensable time if it is

*de minimis*."); *Aiken v. City of Memphis, Tennessee*, 190 F.3d 753, 758 (6th Cir. 1999). As the Supreme Court put it:

> When the matter at issue concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded. Split-second absurdities are not justified by the actualities of working conditions or by the policy of the Fair Labor Standards Act. It is only when an employee is required to give up a substantial measure of his time and effort that compensable working time is involved.

*Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946). Thus, when only a few seconds or minutes of work are in dispute, the *de minimis* doctrine permits employers to disregard otherwise compensable work. *Singh v. City of New York*, 524 F.3d 361, 370 (2d Cir. 2008).

The test for whether work is *de minimis*, and therefore non-compensable, involves an analysis of three factors, including: (1) the regularity of the additional work performed, (2) the practical administrative difficulty of recording the additional time for the employer, and (3) the aggregate amount of compensable time. *See Lindow*, 738 F.2d at 1063; *Aiken*, 190 F.3d at 758 (citing the *Lindow* factors, "including size of the aggregate claim and practical difficulty of recording the time").

This Court can consider the *de minimis* doctrine at the pleading stage. *See, e.g.*, *Perez v. Wells Fargo and Co.*, No. 14-0989, 2015 WL 1887354, at *6-8 (N.D. Cal. April 24, 2015) (noting that application of the *Lindow* factors can be "fact-intensive" but granting dismissal where "plaintiffs have not alleged sufficient facts . . . and thus, have not stated a claim"); *Ceja-Corona v. CVS Pharmacy, Inc.*, No. 12-01868, 2013 WL 796649, at *6–7 (E.D. Cal. March 4, 2013) (granting dismissal where the complaint was "devoid of the necessary details" to make a *de minimis* determination). Here, the Plaintiff's allegations fail to demonstrate that the uncompensated overtime purportedly worked exceeds the *de minimis* threshold, and the Complaint should be dismissed.

11

### A.      Plaintiff Gaffers Does Not Allege That Kelly Could Have Recorded The Purported Overtime

With regard to the "administrative difficulty of recording the additional time," the Complaint provides no basis for concluding that it is even *possible* for Kelly to record the uncompensated overtime Plaintiff Gaffers allegedly worked.  *See Aiken*, 190 F.3d at 758 (treating time as *de minimis* even where that time hypothetically "could add up to a significant amount of time" where the court was "at a loss as to how [defendant] could be expected to document such time"); *Hill v. U.S.*, 751 F.2d 810, 815 (6th Cir. 1984) (noting that *Lindow* "emphasized the difficulties in accounting for small and varying periods of time").  As the Sixth Circuit has explained:

> At the end of the day, an employee must show that the employer knew or should have known that he was working overtime or, better yet, he should report the overtime hours himself. Either way, the employee bears some responsibility for the proper implementation of the FLSA's overtime provisions. An employer cannot satisfy an obligation that it has no reason to think exists. And an employee cannot undermine his employer's efforts to comply with the FLSA by consciously omitting overtime hours for which he knew he could be paid.

*Wood v. Mid-America Mgmt. Corp.*, 192 F. App'x 378, 381 (6th Cir. 2006).  As a matter of logic, in order to document or record the purported "additional time," Kelly would first need to be aware of it.

As demonstrated above, with the exception of the Complaint's "formulaic recitation of the elements of a cause of action," the Complaint fails to allege any facts supporting the notion that Kelly was or could have been aware of the "off the clock" time allegedly worked.  The Complaint nowhere alleges that Plaintiff Gaffers or any other putative collective action member made Kelly aware of the alleged uncompensated time.  Thus, quite apart from a quarrel over whether it would be "difficult" to record the "off the clock" time alleged, the non-conclusory allegations of the Complaint do not suggest how it would even be *possible* to do so for remotely-based employees such as Plaintiff Gaffers.

**B.      The Alleged "3 To 10 Minutes Per Day" Of Uncompensated
          Overtime Is *De Minimis***

While there is no bright-line mathematical rule, the general threshold developed by courts

is that work amounting to ten minutes or less per day is *de minimis*, and hence non-compensable.

*See, e.g.*, *Waine-Golston v. Time Warner Entertainment-Advance/New House Partnership*, No.

11-1057, 2013 WL 1285535, at *5 (S.D. Cal. March 27, 2013) ("Many courts have found ten

minutes per day is *de minimis*.") (citations omitted); *Farris v. County of Riverside*, 667 F. Supp.

2d 1151, 1165-66 (C.D. Cal. 2009) ("10 minutes is the standard threshold for determining

whether something is *de minimis*"); *Green v. Planters Nut Chocolate Co.*, 177 F.2d 187, 188 (4th

Cir. 1949) ("obvious" that ten minutes is *de minimis*); *Carter v. Panama Canal Co.*, 314 F. Supp.

386, 392 (D.D.C. 1970) (two to fifteen minutes spent preparing for work *de minimis*); *Anderson

v. Pilgrim's Pride Corp.*, 147 F. Supp. 2d 556, 563-64 (E.D. Tex. 2001) ("The majority of courts

have found daily periods of approximately 10 minutes *de minimis* as a matter of law"); *Carlsen

v. United States*, 521 F.3d 1371, 1377-78 (Fed. Cir. 2008) ("because that time was less than ten

minutes per day, by the court's calculation, we agree that the overtime attributable to those tasks

was *de minimis* and thus not compensable"); *Aguilar v. United States*, 38 Fed. Cl. 431, 433-434

(Fed. Cl. 1997) (holding that various tasks performed about several times per month lasting

approximately 15 to 20 minutes were *de minimis*).

Here, the Complaint fails to suggest that the aggregate amount of alleged uncompensated

time is anything but *de minimis*.  The Complaint alleges that Plaintiff was not compensated for

"3 to 10 minutes per day of work performed in connection with the pre-shift and post-shift

activities."  (Complaint, ECF No. 1 ¶¶ 14, 39, 51, 52(a), 52(b); *see also id.* ¶ 80.)  Even

assuming, for the sake of argument, that the time Plaintiff allegedly spent logging into and out of

certain programs is otherwise compensable, the *de minimis* nature of the "3 to 10 minutes" spent

doing so is grounds for dismissal.  Plaintiff's allegation, even if true, is, according to courts

13

around the country, is below the "standard threshold" of *de minimis* time.  Thus, for this

additional reason, the Complaint should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, Kelly respectfully requests that this Court grant Kelly's

Motion to Dismiss the Complaint.

DATED:  February 29, 2016                 Respectfully submitted,

                                         KELLY SERVICES, INC.


Gerald L. Maatman, Jr., IL No. 6181016    By:___*s/ Gerald L. Maatman, Jr.*_____
(*gmaatman@seyfarth.com*)                        Gerald L. Maatman, Jr.
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL  60603
Phone: 312-460-5000
Fax:    312-460-7000


William B. Forrest III
(*wforrest@kohp.com*)
Kienbaum Opperwall Hardy & Pelton, P.L.C.
280 North Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
Phone:  248-645-0000
Fax:  248-723-1110

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that he served a copy of the foregoing Defendant Kelly

Services, Inc.'s Brief In Support Of Its Motion To Dismiss The Complaint on the following

through the Court's electronic case filing system on this 29th day of February 2016:

> Jason J. Thompson
> Kevin J. Stoops
> Jesse L. Young
> Sommers Schwartz, P.C.
> One Towne Square
> Suite 1700
> Southfield, Michigan 48076
> 248-355-0300
> jthompson@sommerspc.com
> kstoops@sommerspc.com
> jyoung@sommerspc.com

s/ Gerald L. Maatman, Jr.
Gerald L. Maatman, Jr.
