UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**JONATHAN GAFFERS,** individually, and on behalf of others similarly situated,

       Plaintiffs,

v.

**KELLY SERVICES, INC.**,
a Michigan corporation

       Defendant.

Case No. 16-10128

Hon. David M. Lawson

---

SEYFARTH SHAW, LLP
BY:   Gerald L. Maatman, Jr.
Peter J. Wozniak
Christopher M. Cascino
*Attorneys for Defendant*
131 S. Dearborn Street
Suite 2400
Chicago, IL 60603
312-460-5000
gmaatman@seyfarth.com
powzniak@seyfarth.com
ccascino@seyfarth.com

KIENBAUM OPPERWALL HARDY &
PELTON, P.L.C.
BY:  William B. Forrest III
*Attorney for Defendant*
280 North Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
Office:  248-645-0000
Fax:  248-723-1110
wforrest@kohp.com

---

**DEFENDANT KELLY SERVICES, INC.'S BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO "PLAINTIFF'S MOTION STRIKE DEFENDANT'S PREMATURE DISCOVERY"**

## **ISSUE PRESENTED**

1. Plaintiffs' counsel improperly refuses to conduct a Rule 26(f) conference until after the Court decides the Motion for Conditional Certification, in violation of Rule 26(f) and this Court's orders. Can Plaintiff use the improper refusal to conduct a Rule 26(f) conference as a basis to strike Defendant's discovery?

*Suggested Answer: No.*

# **TABLE OF CONTENTS**

TABLE OF CONTROLLING/MOST APPROPRIATE AUTHORITIES ................................... ii

INTRODUCTION & PROCEDURAL HISTORY ....................................................................... 1

ARGUMENT .................................................................................................................................. 3

I.  PLAINTIFF'S RULE 26 ARGUMENT IS CIRCULAR & IGNORES THE FACT THAT THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZE THE DISCOVERY DEFENDANT ISSUED ........................................................................ 3

    A.  Plaintiff's Counsel's Refusal To Participate In A Rule 26(f) Conference Violates The Applicable Rules ............................................................................. 3

    B.  Rule 26(d)(1) And This Court's Order Authorize Kelly's Discovery .................... 4

    C.  There Is No Basis To Strike Kelly's Document Requests ...................................... 4

II.  PLAINTIFF'S ARGUMENT ABOUT THE "BURDEN OF PROOF" IS CIRCULAR AND UNAVAILING ................................................................................. 5

III.  PLAINTIFF GAFFERS HAS NOT MET THE STANDARD FOR A PROTECTIVE ORDER ........................................................................................................ 7

CONCLUSION ............................................................................................................................... 8

# TABLE OF CONTROLLING/MOST APPROPRIATE AUTHORITIES

 **Page(s)**

**Cases**

*Chowdhury v. Duane Reade, Inc.*,
  No. 06 Civ. 2295(GEL), 2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007) ...................................... 6

*Damassia v. Duane Reade, Inc.*,
  No. 04 Civ. 8819, 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) ................................................ 6

*Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*,
  Nos. 11–10658, 11–11003, 11–11855, 2011 WL 4507417 (E.D. Mich. Sept.
  29, 2011) (Lawson, J.) ........................................................................................................ 7, 8

*Khami v. Ortho-McNeil-Janssen Pharm., Inc.*,
  No. 09–11464, 2011 WL 5223132 (E.D. Mich. Nov. 2, 2011) (Lawson, J.) ............................ 7

**Other Authorities**

Fed. R. Civ. P. 23 ............................................................................................................................ 5

Fed. R. Civ. P. 26 ............................................................................................................................ 3

Fed. R. Civ. P. 26(c)(1) ................................................................................................................... 7

Fed. R. Civ. P. 26(d) ............................................................................................................... 3, 4, 5

Fed. R. Civ. P. 26(d)(1) ............................................................................................................... 2, 4

Fed. R. Civ. P. 26(d)(2) ............................................................................................................... 2, 5

Fed. R. Civ. P. 26(d)(2)(B) ............................................................................................................. 5

Fed. R. Civ. P. 26(f) .................................................................................................... 1, 2, 3, 4, 5, 6

Fed. R. Civ. P. 26(f)(1) ................................................................................................................... 3

Fed. R. Civ. P. 33 ............................................................................................................................ 5

Fed. R. Civ. P. 34 ............................................................................................................................ 2

## INTRODUCTION & PROCEDURAL HISTORY

Plaintiff Gaffers, through his counsel, takes the position that "it is not appropriate to *commence* discovery until after the Court enters its ruling on the pending motion for conditional certification." (*See* ECF No. 44 at 1 (emphasis added).)[1] Plaintiffs' counsel recently doubled down on this unsupportable position, insisting that "discovery in this matter should not proceed until *after* the Court grant's [sic] conditional certification and *after* the conditional certification notice period closes." (ECF No. 39-2 at 3; *see also* ECF No. 39 at 2 (arguing that such a delay is "deeply rooted in FLSA practice").)

On March 21, 2016, counsel for Kelly requested a Rule 26(f) conference. (*See* ECF No. 44 at 3.) In order to thwart Kelly's right and the parties' obligation to proceed with discovery, Plaintiffs' counsel refused (and continues to refuse) to participate. (*See, e.g.*, ECF No. 44 at 1–4; *id.* at 7–8). On March 21, 2016, after Plaintiff's counsel's refusal to conduct a Rule 26(f) conference, Kelly served Plaintiffs' counsel with document requests and interrogatories directed to Plaintiff Gaffers. As a preliminary matter, and as explained more fully in Kelly's Motion To Compel A Rule 26(f) Conference, *see* ECF Nos. 43 & 44, Plaintiff's counsel's refusal to participate in a Rule 26(f) conference and refusal to participate in discovery of any kind is contrary to the Federal Rules and this Court's commands. By the instant Motion, however, Plaintiff goes even further, hypocritically arguing that Kelly's document requests and interrogatories to Plaintiff Gaffers are premature because they were (admittedly) served prior to the Rule 26(f) conference *Plaintiffs refuse to conduct*. (*See* ECF No. 39 at 4.)

In support of his Motion, Plaintiff Gaffers makes two basic arguments, which are equally circular, and equally unavailing. *First*, Plaintiff argues that Defendant's discovery requests were

---

[1] Certain of the arguments supporting Defendant's opposition to Plaintiff's Motion were also made in support of Defendant's Motion To Compel A Rule 26(f) Conference. (*See* ECF Nos. 43 & 44.) Defendant incorporates those arguments by reference herein.

1

premature and must be stricken, because they were served prior to a Rule 26(f) conference. However, Plaintiff's argument cannot overcome: (1) the fact that the Defendant's discovery to Plaintiff Gaffers was served prior to a Rule 26(f) conference only because Plaintiffs' counsel improperly refuses to participate in that mandatory conference; (2) the fact that Rule 26(d)(1) *authorizes* and this Court's order *requires* the parties to commence discovery notwithstanding Plaintiffs' counsel improper refusal; or (3) the fact that Rule 26(d)(2) specifically authorizes the issuance of Kelly's document requests to Plaintiff Gaffers. *Second*, Plaintiff argues that no discovery can be permitted prior to the Court's decision on conditional certification (and the end of the presumed opt-in period that would follow if the Court grants conditional certification and authorizes notice), because if the Court authorizes any discovery, Defendant may at some point advance an argument attempting to hold Plaintiff Gaffers to "a heightened burden of proof" with regard to his request for conditional certification motion. (*See* ECF No. 39 at 3.) Plaintiff's argument is circular, it is unsupported by the case law cited, and it is premature insofar as no such argument has been advanced.

Plaintiff cannot ignore this Court's commands to "commence significant discovery prior to the [scheduling] conference," the Federal Rules' requirement that the parties conduct a Rule 26(f) conference immediately, *and* the explicit authorization for early Rule 34 requests in the Federal Rules, all because of their unsupportable insistence that their "pre-discovery" motion for conditional certification must (as a matter of law) be decided prior to the commencement of discovery. Moreover, Plaintiff cannot hide behind the bogeyman of a potentially "heightened burden of proof" to delay until *at least August* the commencement of discovery that will be necessary even if the Court denies conditional certification. For the reasons explained below and in Defendant's Motion To Compel A Rule 26(f) Conference, *see* ECF Nos. 43 & 44, Plaintiff's Motion should be denied.

2

## ARGUMENT

### I. PLAINTIFF'S RULE 26 ARGUMENT IS CIRCULAR & IGNORES THE FACT THAT THE FEDERAL RULES OF CIVIL PROCEDURE AUTHORIZE THE DISCOVERY DEFENDANT ISSUED

Plaintiff's argument based on certain provisions of Federal Rule of Civil Procedure 26 is hypocritical and circular, dependent on two faulty premises, and ignores the very Rule of Civil Procedure that authorizes the discovery Defendant served. *First*, Plaintiff's argument depends on the faulty premise that discovery prior to a decision on conditional certification is "plainly contrary to law." (*See* ECF No. 32 at 13.) That notion has already been debunked. (*See, e.g.*, ECF No. 38 at 5–6.) *Second*, Plaintiff's argument depends on the notion that a party can improperly refuse to partake in a mandatory Rule 26(f) conference, and thereby insulate itself from the demands of discovery. As explained below in Defendant's Motion To Compel A Rule 26(f) Conference, *see* ECF Nos. 43 & 44, this argument likewise fails. Moreover, Rule 26(d) authorizes Kelly to issue the discovery served on Plaintiff Gaffers prior to a Rule 26(f) conference.

#### A. Plaintiff's Counsel's Refusal To Participate In A Rule 26(f) Conference Violates The Applicable Rules

Federal Rule 26 dictates that a Rule 26(f) planning conference must be conducted "*as soon as practicable—*and in any event *at least 21 days before a scheduling conference is to be held* . . . ." Fed. R. Civ. P. 26(f)(1) (emphases added). Thus, Rule 26(f) required the parties to confer by March 16 – 21 days before April 6. Moreover, this Court's Practice Guidelines encourage the parties "to conduct their Rule 26(f) discovery conference" before the "case management and scheduling conference" set for April 6. (*See* ECF No. 44 at 5.)

Rule 26(f) is not a mere suggestion, it is a requirement, and it contains no exception for collective action cases like this one, or cases where a party simply does not wish to commence

3

discovery on their claim. Put simply, there is no basis for Plaintiff's counsel's refusal to participate in a Rule 26(f) conference, and as requested in Defendant's Motion to Compel a Rule 26(f) Conference, the Court should compel Plaintiffs to participate in a Rule 26(f) conference immediately, rather than months from now, "*after* the Court grant's [sic] conditional certification and *after* the conditional certification notice period closes," as Plaintiffs' counsel insists. (*See* ECF No. 39-2 at 3.) Plaintiff cannot use his own violation of the Federal Rules of Civil Procedure to shield himself from the discovery Kelly is entitled to under those Rules.

        **B.**        **Rule 26(d)(1) And This Court's Order Authorize Kelly's Discovery**

Plaintiff argues that "Defendant has plainly violated the rule prohibiting issuance of discovery prior to a Rule 26(f) conference as provided in Fed. R. Civ. P 26(d)(1)." (ECF No. 39 at 3.) However, even if Plaintiffs could simply refuse to partake in a Rule 26(f) conference (which they cannot), that refusal would not be a basis to strike Kelly's discovery.

Rule 26(d)(1) permits discovery prior to a Rule 26(f) conference "*when authorized . . . by court order*." Fed. R. Civ. P. 26(d)(1) (emphases added). Here, the Court ordered the parties to begin discovery, commanding them to "commence significant discovery prior to the [scheduling] conference . . . ." (ECF No. 24 at 2.) Thus, under Rule 26(d)(1), the parties were not only *authorized* to begin discovery, they were *required* to do so.

        **C.**        **There Is No Basis To Strike Kelly's Document Requests**

Even if Plaintiffs' counsel could simply refuse to conduct a mandatory Rule 26(f) conference, and even if Kelly's discovery were not authorized (and indeed required) by this Court's order, there would still be no basis to strike Kelly's discovery to Plaintiff Gaffers. Plaintiff argues that this Court's "standing order on civil discovery and its Notice to Appear for Case Management Conference do not authorize the parties to ignore Rule 26(d)." (ECF No. 39 at 2 n.2.) Plaintiff is correct that the parties may not ignore Rule 26(d), but Rule 26(d) supports

4

Defendant, not Plaintiff. Under Rule 26(d), "21 days after the summons and complaint are served on a party," document requests may be served "by that party to any plaintiff." *Id.* The Summons and Complaint were served on Defendant Kelly on February 8, 2016. (*See* ECF No. 12.) Defendant served its document requests and interrogatories on Plaintiff Gaffers on March 21, 2016, *see* ECF No. 39 at 2–3, more than 21 days after service of the Complaint.

Under Rule 26(d)(2)(B), Kelly's document requests are "considered to have been served at the first Rule 26(f) conference." *See* Fed. R. Civ. P. 26(d)(2)(B). Thus, rather than striking Kelly's document requests, Rule 26(d)(2) instructs that they are to be considered as having been served when the parties conduct the Rule 26(f) conference, which should be conducted immediately. And while interrogatories under Rule 33 are not mentioned in Rule 26(d)(2), rather than taking the redundant step of counsel for Kelly serving an additional copy of Kelly's interrogatories (directed only to Plaintiff Gaffers) on Plaintiffs' counsel on April 6, the interrogatories should likewise be considered served at that time.

Counsel for Kelly and Plaintiffs' counsel will both be present on April 6, 2016 for the hearing on the instant Motion and on Kelly's Motion to Compel a Rule 26(f) Conference as well as the Case Management Status and Scheduling Conference, and the parties can conduct the Rule 26(f) conference at that time, at which point Kelly's discovery requests can be considered served.

## II. PLAINTIFF'S ARGUMENT ABOUT THE "BURDEN OF PROOF" IS CIRCULAR AND UNAVAILING

Plaintiff makes another inherently circular argument against commencing discovery, by positing that Defendant improperly issued its discovery to Plaintiff Gaffers because "an FLSA defendant *can argue* for a heightened burden of proof in a §216(b) certification motion akin to the more rigorous Rule 23 standard once discovery occurs." (ECF No. 39 at 3 (emphasis added).)

5

First, Plaintiff's tacit argument that the "lenient" standard for conditional certification can act as a bulwark against discovery of any kind is circular. Plaintiff argues that because the "lenient" conditional certification standard presumes that conditional certification will typically be decided at the beginning of discovery, that no discovery can take place prior to the conditional certification decision. Plaintiff likewise assumes that no discovery may take place prior to a decision on conditional certification *because* the standard for conditional certification is "lenient," missing the point that the standard is "lenient" in part because the decision typically takes place at the beginning of discovery.

Moreover, Plaintiff's citations in support – *Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295(GEL), 2007 WL 2873929 (S.D.N.Y. Oct. 2, 2007) and *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) – are inapposite, because in both cases, the court refused to impose any heightened standard. Both cases held that under the circumstances presented, "it would be inappropriate to make more than a 'preliminary determination' . . . or to require plaintiff to meet a more stringent standard than that typically applied at the early stages of litigation." *Chowdhury*, 2007 WL 2873929 at *3; *see Damassia*, 2006 WL 2853971 at *4.

Finally, it hardly needs to be pointed out that Plaintiff's argument puts the cart well before the horse, insofar as no such argument has been advanced by Defendant. Defendant cannot credibly be accused of "gamesmanship" (and the accusation is particularly inapt given Plaintiff's conduct regarding the Rule 26(f) conference) by seeking to move the litigation forward and commence the discovery authorized by the Federal Rules and required under this Court's orders.

### III. PLAINTIFF GAFFERS HAS NOT MET THE STANDARD FOR A PROTECTIVE ORDER

Plaintiff's Motion does specify the rule, statute, or procedural device pursuant to which Plaintiff seeks to strike Defendant Kelly's discovery. To the extent Plaintiff seeks to avoid discovery altogether, he should have sought a protective order.

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .

Fed. R. Civ. P. 26(c)(1). To obtain a protective order, Plaintiff must show "good cause." *See, e.g.*, *Khami v. Ortho-McNeil-Janssen Pharm., Inc.*, No. 09–11464, 2011 WL 5223132, at \*2 (E.D. Mich. Nov. 2, 2011) (Lawson, J.). The Motion argues that:

> [A]mong other prejudices, Plaintiff will be bound to provide answers, and do so by the discovery deadlines imposed by the Federal Rules of Civil Procedure, which end before the parties and the Court meet at the Case Management Conference during which such discovery and deadlines will be discussed.

(ECF No. 39 at 3.) Thus, the Motion appears to argue that Kelly's discovery requests are unduly burdensome because of the timing of the required response.

> "Undue burden" is not further defined by the rules, but generally a court must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it.

*Great Lakes Anesthesia, PLLC v. State Farm Mut. Auto. Ins. Co.*, Nos. 11–10658, 11–11003, 11–11855, 2011 WL 4507417, at \*4 (E.D. Mich. Sept. 29, 2011) (Lawson, J.) (citations omitted).

Kelly's requests do not impose an "undue burden." Kelly's document requests and interrogatories were directed only to Plaintiff Gaffers. If the Court denies conditional certification, and denies Kelly's Motion to Dismiss, Plaintiff Gaffers will still pursue an individual claim. Thus, the discovery will be required in any event. Plaintiff's argument that Kelly's discovery presents a "*Ready, Fire Aim*" approach to case management because the

7

parties do not know "if this case will involve class members, and if so, how many," *see* ECF No. 39 at 2, is therefore misplaced.

Moreover, while the Motion does not identify the supposed "other prejudices" to Plaintiff Gaffers, even the one identified – that responses are required "before the parties and the Court meet at the Case Management Conference" – is incorrect. Kelly's discovery requests were served March 21, 2016, and set a deadline to respond of thirty days. (*See* ECF No. 39-3 at 2 (directing Plaintiff Gaffers to "answer the following Interrogatories under oath, within thirty days"); *id.* at 14 (directing Plaintiff Gaffers to "produce the following documents . . . within thirty days").) Thus, under any scenario Plaintiff's responses are not due until April 20, two weeks after the April 6 Case Management Conference.

In summary, Plaintiff Gaffers cannot identify any "good cause" justifying a protective order preventing Kelly's discovery, and for this further reason, the Motion should be denied.

## **CONCLUSION**

For the foregoing reasons, Kelly respectfully requests that this Court deny Plaintiff's "Motion Strike Defendant's Premature Discovery."

DATED:  April 4, 2016                    Respectfully submitted,

                                                             KELLY SERVICES, INC.

Gerald L. Maatman, Jr., IL No. 6181016     By:   *s/ Gerald L. Maatman, Jr.*
(*gmaatman@seyfarth.com*)                        Gerald L. Maatman, Jr.
Peter J. Wozniak, IL No. 6294133
(*pwozniak@seyfarth.com*)
Christopher M. Cascino, IL No. 6296046
(*ccascino@seyfarth.com*)
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL  60603
Phone: 312-460-5000
Fax:    312-460-7000


William B. Forrest III
(*wforrest@kohp.com*)
Kienbaum Opperwall Hardy & Pelton, P.L.C.
280 North Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
Phone:  248-645-0000
Fax:  248-723-1110

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he served a copy of the foregoing DEFENDANT KELLY SERVICES, INC.'S BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO "PLAINTIFF'S MOTION STRIKE DEFENDANT'S PREMATURE DISCOVERY" on the following through the Court's electronic case filing system on this 4th day of April 2016:

> Jason J. Thompson
> Kevin J. Stoops
> Jesse L. Young
> Sommers Schwartz, P.C.
> One Towne Square
> Suite 1700
> Southfield, Michigan 48076
> 248-355-0300
> jthompson@sommerspc.com
> kstoops@sommerspc.com
> jyoung@sommerspc.com

        s/ Gerald L. Maatman, Jr.
        Gerald L. Maatman, Jr.