UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**JONATHAN GAFFERS,** individually,
and on behalf of others similarly situated,

    Plaintiffs,

                                                  Case No. 16-cv-10128

vs.

                                                  Hon. David M. Lawson

**KELLY SERVICES, INC.**,
a Michigan corporation,

    Defendant.
_____

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO STRIKE
THE DECLARATION OF PLAINTIFF JONATHAN GAFFERS**

1

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................... i

I. INTRODUCTION ........................................................................................ 1

II. PROCEDURAL POSTURE ......................................................................... 1

III. LAW & ARGUMENT ................................................................................. 3

IV. CONCLUSION ............................................................................................ 9

# INDEX OF AUTHORITIES

**Cases**

*Adams v. Citicorp Credit Servs.*, 2015 U.S. Dist. LEXIS 34890 (M.D.N.C. Mar. 20, 2015)...................................................................................7

*Allen v. Marshall Field & Co.*, 93 F.R.D. 438 (N.D. Ill. 1982) ...............................4

*Banks v. Wet Dog Inc.*, 2015 U.S. Dist. LEXIS 11623 (D. Md. Feb. 2, 2015)...................................................................................................................7

*Belcher v. Shoney's, Inc.*, 927 F. Supp. 249 (M.D. Tenn. 1996)..............................4

*Coan v. Nightingale Home Healthcare, Inc.*, 2005 U.S. Dist. LEXIS 15475, 2005 WL 1799454 (S.D. Ind. June 29, 2005) ............................................6

*Crawford v. Lexington-Fayette Urban County Gov't*, 2007 U.S. Dist. LEXIS 6711 (E.D. Ky. Jan. 26, 2007) .....................................................................6

*Davenport v. Charter Communs., LLC*, 2014 U.S. Dist. LEXIS 40574 (E.D. Mo. Mar. 27, 2014)...............................................................................7

*Essame v. SSC Laurel Operating Co., LLC*, 847 F. Supp. 2d 821 (D. Md. 2012).............................................................................................................7, 8

*Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996) .............................4

*Gregory v. Belfor USA Group, Inc.*, 2012 U.S. Dist. LEXIS 84249 (E.D. Va. June 15, 2012).....................................................................................4

Longcrier v. HL-A Co., Inc., 595 F. Supp. 2d 1218 (S.D. Ala. 2008) ......................7

*Mathews v. ALC Partner, Inc.*, 2009 U.S. Dist. LEXIS 75097 (E.D. Mich. Aug. 29, 2009)..............................................................................................5,8

*Mitchel v. Crosby Corp.*, 2012 WL 4005535 (D. Md. Sept. 10, 2012) .....................4

*Monroe v. FTS USA, LLC*, __ F.3d __, 2016 U.S. App. LEXIS 3859 (6th Cir. Mar. 2, 2016) ..................................................................................................5

*Myles v. Prosperity Mortg. Co.*, 2012 U.S. Dist. LEXIS 75371 (D. Md. May 31, 2012).....................................................................................................4

*Noble. v. Serco, Inc.*, 2009 U.S. Dist. LEXIS 89709, 2009 WL 3154252
 (E.D. Ky. Sept. 28, 2009) ...............................................................................4, 7, 8

*O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567 (6th Cir. 2009)..................4

*O'Neal v. Emery Fed. Credit Union*, 2013 U.S. Dist. LEXIS 110383
 (S.D. Ohio Aug. 6, 2013) ...............................................................................5

*Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762 (D. Md. 2008)................9

*Russel v. Ill. Bell Tel. Co.*, 575 F. Supp. 2d 930 (N.D. Ill. 2008)..............................9

*Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344
 (W.D.N.Y. 2007) ...........................................................................................9

*Sisson v. OhioHealth Corp.*, 2013 U.S. Dist. LEXIS 162464 (S.D. Ohio
 Nov. 13, 2013) ...............................................................................................5

*Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095 (10th Cir.
 2001) ..............................................................................................................4

*White v. MPW Indust. Servs.*, 236 F.R.D. 36 (E.D. Tenn. 2006) .............................6

*Williams v. Long*, 585 F. Supp. 2d 679 (D. Md. 2008).............................................4

*Williams v. XE Servs., LLC*, 2011 U.S. Dist. LEXIS 669 (E.D.N.C. 2011)..............4

**Statutes**

28 U.S.C. § 1746............................................................................................................7

29 U.S.C. § 216(b) ................................................................................................passim

**Rules**

Rule 26(f) .....................................................................................................................3

Rule 56(e).....................................................................................................................6

## I.  INTRODUCTION

Defendant's Motion to Strike the Declaration of Plaintiff Jonathan Gaffers [Dkt. #40] should be denied because it goes too far.  Conditional certification is not summary judgment or trial and applying strict evidentiary requirements in a Fair Labor Standards Act (FLSA) case, ***pre-discovery***, would eviscerate the two-stage notice process.

Additionally, what may seem like speculation and hearsay when presented in a single declaration, becomes a substantial, credible showing when the same statements are made, under oath, *en masse*.  At the time Plaintiff filed his Declaration, ***his*** recollections and statements were all that were available.  Since that time, more than ***twenty other*** similarly situated home-based customer care agents ("HBCCAs") have joined this suit, and ***six*** of those opt-ins have filed corroborating declarations, with more likely to come.

Rather than striking Plaintiff's Declaration, the Court should look at Plaintiff's submission in total and find that the modest factual showing required for conditional certification has been met.

## II.  PROCEDURAL POSTURE

This is an FLSA case brought to recover overtime wages for employees who worked for Defendant Kelly Services, Inc. as home-based telephone call center operators also known as home-based customer care agents.  The Complaint alleges

1

that HBCCAs regularly worked more than 40 hours per week but were not paid for certain pre-shift computer log in activities, certain mid-shift technical break down periods, and certain post-shift shut down and log out procedures. As the U.S. Department of Labor explained in Fact Sheet #64 [Dkt. 7-3], this kind of off-the-clock work is commonplace in the call center industry and Defendant does not deny that off-the-clock work has occurred in this case.

On January 29, 2016, Plaintiff filed his Motion for Pre-Discovery Conditional Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant 29 U.S.C. § 216(b) [Dkt. 7]. Among other materials, Plaintiff submitted and relied on his own sworn declaration [Dkt. #7-4] which details *his* off-the-clock work and describes *his* experience with Defendant's timekeeping policies and practices ("Plaintiff's Declaration").

On February 29, 2016, Defendant responded with three motions: (1) a Motion to Compel Arbitration and to Partially Dismiss the Complaint and Stay the Litigation Pending Arbitration [Dkt. 25] (the "Arbitration Motion"), (2) a Motion to Dismiss the Complaint [Dkt. 26] (the "Motion to Dismiss"), and (3) a Motion to Stay Consideration of Plaintiff's Motion for Conditional Certification Until the

2

Pleadings are Finalized, Limited Discovery is Taken, and Arbitrations are Completed [Dkt. 27] (the "Motion to Stay").[1]

So far, twenty opt-in Plaintiffs have joined this suit in addition to Mr. Gaffers. *See* 1st through 9th Notices of Consents to Join [Dkts. #4, 5, 8, 9, 10, 14, 16, 22 & 28]. Six of those opt-ins have also submitted corroborating declarations in support of conditional certification [Dkts. #41 & 49], and many more opt-ins and corroborating declarations are expected.

Finally, because Plaintiff believed the Court had changed the conditional certification hearing date from April 14th to August 4th by mistake, Plaintiff filed a Motion to Reinstate the April 14th hearing date [Dkt. #31]. Defendant responded by issuing discovery prematurely, before any Rule 26(f) conference, and filing a Motion to Compel a Rule 26(f) Conference [Dkt. #43]. Since Defendant refused to withdraw its discovery, Plaintiff was also compelled to file a Motion to Strike Defendant's Discovery [Dkt. 39]. The hearing on these latter two Motions is set for April 6th, followed by a status conference with the Court later in the day.

### III.  LAW AND ARGUMENT

The use of employee declarations in support a motion for conditional certification is commonplace. *See e.g.*, *Noble. v. Serco, Inc*., 2009 U.S. Dist.

---

[1] Plaintiff filed his Response to the Motion to Stay on March 14, 2016 [Dkt. 32]. Plaintiff filed his Responses to the Arbitration Motion and Motion to Dismiss on March 21, 2016 [Dkts. #34 and 35, respectively].

3

LEXIS 89709 at *7, 2009 WL 3154252 (E.D. Ky. Sept. 28, 2009) (finding that the plaintiffs made their "modest factual showing" necessary for conditional certification based on four declarations); (*Mitchel v. Crosby Corp.*, 2012 WL 4005535, at *2 (D. Md. Sept. 10, 2012) (same).[2] Some courts, however, "require nothing more than substantial allegations that the putative class members were together victims of a single decision, policy, or plan." *Noble* at *5 (*citing Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). *See also Belcher v. Shoney's, Inc.*, 927 F. Supp. 249 (M.D. Tenn. 1996); *Allen v. Marshall Field & Co.*, 93 F.R.D. 438, 442-45 (N.D. Ill. 1982).

And, while the Sixth Circuit has not yet squarely addressed the evidentiary standard for conditional certification, the Sixth Circuit has ruled "that a plaintiff need not show a 'unified policy' of violations ***even at the final certification stage***." *Noble*, at *6 (*citing O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009) and *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1095 (11th

---

[2] *See also Gregory v. Belfor USA Group, Inc.*, 2012 U.S. Dist. LEXIS 84249, *4 (E.D. Va. June 15, 2012) (concluding that the plaintiff had made the requisite showing based on two declarations); *Myles v. Prosperity Mortg. Co.*, 2012 U.S. Dist. LEXIS 75371, *5 (D. Md. May 31, 2012) (plaintiff submitted 5 declarations attesting to the "belief that their experiences were shared by all other PMC loan officers"); *Williams v. XE Servs., LLC*, 2011 U.S. Dist. LEXIS 669, *1-2 (E.D.N.C. 2011) (granting conditional certification based on the pleadings and two declarations); *Williams v. Long*, 585 F. Supp. 2d 679, 685 (D. Md. 2008) (noting that even without additional evidence, declarations from the Assistant Attorney General and former employee of defendant would alone suffice to meet initial threshold for conditional certification of FLSA collective action).

4

Cir. 1996)) (emphasis added).

The issue Defendant quibbles with are Plaintiff's sworn personal experiences and genuinely held beliefs about certain company policies that Plaintiff does not currently possess. Defendant has not produced the relevant policies nor any countermanding declarations or facts, yet it argues that Plaintiff's sworn Declaration should be stricken from the record. This isn't the law and striking Plaintiff's Declaration in its entirety goes too far. *See* 28 U.S.C. § 216(b). *See also Monroe v. FTS USA, LLC*, __ F.3d __, 2016 U.S. App. LEXIS 3859, *11 (6th Cir. Mar. 2, 2016) (stressing the important remedial purposes served by conditional class certification and the FLSA).

As the court explained in *Sisson v. OhioHealth Corp.*, 2013 U.S. Dist. LEXIS 162464 (S.D. Ohio Nov. 13, 2013) (granting conditional certification on the basis of the named plaintiff's declaration alone):

> Rather than striking the materials challenged by Defendant, the appropriate method for handling these infirmities is to simply disregard inadmissible portions of the declarations in the event the Court deems any of the inadmissible. *See O'Neal v. Emery Fed. Credit Union*, 2013 U.S. Dist. LEXIS 110383, at *23 (S.D. Ohio Aug. 6, 2013) (*citing Mathews v. ALC Partner, Inc*., 2009 U.S. Dist. LEXIS 75097, 2009 WL 2591497, at *4-5 (E.D. Mich. Aug. 24, 2009) (Murphy, J)).

*Sisson* at *8-9.

Defendant's insistence that Plaintiff's Declaration comply with the Federal Rules of Evidence and other summary judgment standards is also misplaced. In

5

fact, the overwhelming majority of courts that have examined the issue have held that "affidavits submitted in support of a motion for conditional certification pursuant to § 216(b) ***need not*** meet the standard set forth in Rule 56(e)." *White v. MPW Indust. Servs.*, 236 F.R.D. 36, 3683 (E.D. Tenn. 2006) (emphasis added). "To require more at this stage of litigation would defeat the purpose of the two-stage analysis." *Id*. Moreover:

> motions for conditional certification, unlike motions for summary judgment do not seek the final disposition of a case on the merits. Requiring admissible evidence at the summary judgment stage is logical; there is a possibility that trial will be avoided by the result, so courts should decide the motions based on evidence that would be admissible at trial, if one were held. There is, however, no corresponding possibility of final disposition at the conditional certification stage: whether a motion for conditional certification is granted or denied, the case proceeds with discovery.

*Id*. *See also Crawford v. Lexington-Fayette Urban County Gov't*, 2007 U.S. Dist. LEXIS 6711, 8 (E.D. Ky. Jan. 26, 2007) ("requiring a plaintiff to present evidence in favor of conditional certification that meets the hearsay standards of the Federal Rules of Evidence 'fails to take into account that the plaintiff has not yet been afforded an opportunity, through discovery, to test fully the factual basis for his case.'"); *Coan v. Nightingale Home Healthcare, Inc.*, 2005 U.S. Dist. LEXIS 15475, 2005 WL 1799454 (S.D. Ind. June 29, 2005) ("at this preliminary stage and for these preliminary purposes, plaintiffs need not come forward with evidence in a form admissible at trial"); *Longcrier v. HL-A Co., Inc.*, 595 F. Supp. 2d 1218, 1223

6

n.8 (S.D. Ala. 2008) (refusing to "reflexively assume that only evidence satisfying all evidentiary standards for admissibility at trial may be considered" on a motion for conditional certification); *Davenport v. Charter Communs., LLC*, 2014 U.S. Dist. LEXIS 40574, *16-19 (E.D. Mo. Mar. 27, 2014) ("Whether the facts set forth in the declarations will ultimately be admissible and sufficient to prove Plaintiff's allegations are questions for another day").

For purposes of conditional certification under § 216(b) of the FLSA, all that is required is for Plaintiff's declaration to be sworn 'under penalty of perjury,' which it is. *See* 28 U.S.C. § 1746. *See also Banks v. Wet Dog Inc.*, 2015 U.S. Dist. LEXIS 11623, *4 (D. Md. Feb. 2, 2015) ("Taken together, [Plaintiffs' declarations] establish the 'modest factual showing' necessary for conditional certification of a class."); *Adams v. Citicorp Credit Servs.*, 2015 U.S. Dist. LEXIS 34890, *27 (M.D.N.C. Mar. 20, 2015) ("at this first stage of FLSA collective action certification the Court does not resolve factual disputes, decide substantive issues on the merits, or make credibility determinations") (internal quote marks and citations omitted); *Essame v. SSC Laurel Operating Co., LLC*, 847 F. Supp. 2d 821, 825 (D. Md. 2012) (same).

Finally, Defendant makes much of the fact that Plaintiff's Declaration is similar to a declaration he submitted in his other pending case against *Sitel*. However, as the court in *Noble* explained, similarly worded affidavits are expected

7

in FLSA cases:

> [W]hile the declarations may accurately be described as "cookie-cutter," the allegations contained therein, in conjunction with the allegations in Noble's Complaint and the opt-in consents filed thus far, are substantial enough to warrant conditional certification.... [W]here the declarants have had similar experiences, it is not necessary that each of them come up with a creative way to state the same allegations. Indeed, at least one court faced with similar arguments has held that uniformity among the plaintiffs' statements may itself be evidence supporting conditional certification:
>
>> The defendant stresses that that within each group of plaintiffs, the affidavits are nearly identical. It further characterizes the affidavits as conclusory. The Court agrees that the affidavits are concise, and perhaps even somewhat sparse. But this does not render them insubstantial. In particular, the uniformity that the defendant derides is in the Court's view a substantial indicator in favor of the plaintiff's being similarly situated. There is no rule that requires plaintiffs to compose affidavits in their own words, without the assistance of counsel. In that light, the fact that many plaintiffs can agree on a single formulation as accurately describing their job duties is a strong indicator that certification is appropriate. *Mathews v. ALC Partner, Inc.*, 2009 U.S. Dist. LEXIS 75097, at *12-13 (E.D. Mich. Aug. 29, 2009) (Murphy, J) (internal quote marks and alterations omitted).

*Noble* at *8. The same rationale obviously applies to the six other employee declarations which have been submitted in this case. *See Essame v. SSC Laurel Operating Co., LLC*, 847 F. Supp. 2d 821, 825 (D. Md. 2012) ("[a]s this Court made clear in *Quinteros*, it is well-established that factual evidence in the form of affidavits is probative of whether a group of potential plaintiffs fell victim to a

8

common policy, scheme, or plan that violated the FLSA") (*citing Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008)); *Hargrove*, 2012 U.S. Dist. LEXIS at *25-26 ("[t]he submission of consistent employee declarations, like those in the instant case, has consistently been held as sufficient and admissible evidence of a policy to be considered for § 216(b) conditional class certification") (*citing Russel v. Ill. Bell Tel. Co.*, 575 F. Supp. 2d 930, 937 (N.D. Ill. 2008)); *Sherrill v. Sutherland Global Servs., Inc.*, 487 F. Supp. 2d 344, 349 (W.D.N.Y. 2007)).

## IV. CONCLUSION

By moving to strike Plaintiff's Declaration, Defendant hopes to defeat conditional certification using form rather than substance. The Court should reject this shop-worn tactic, and deny Defendant's Motion to Strike.

Dated: April 4, 2016

>*/s/ Kevin J. Stoops*
>Kevin J. Stoops (P64371)
>Jesse L. Young (P72614)
>SOMMERS SCHWARTZ, P.C.
>One Towne Square, Suite 1700
>Southfield, Michigan 48076
>248-355-0300
>kstoops@sommerspc.com
>jyoung@sommerspc.com
>
>*Trial Counsel for Plaintiff*

9

## CERTIFICATE OF SERVICE

I certify that on April 4, 2016, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

>/s/ *Kevin J. Stoops*
>Sommers Schwartz, P.C.
>One Towne Square, Suite 1700
>Southfield, Michigan 48076
>(248) 355-0300
>jyoung@sommerspc.com