UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

**JONATHAN GAFFERS,** individually,
and on behalf of others similarly situated,

       Plaintiffs,

vs.

**KELLY SERVICES, INC.**,
a Michigan corporation

       Defendant.

Case No. 16-10128

Hon. David M. Lawson

| | |
|---|---|
| SEYFARTH SHAW, LLP<br>BY:   Gerald L. Maatman, Jr.<br>*Attorney for Defendant*<br>131 S. Dearborn Street<br>Suite 2400<br>Chicago, IL 60603<br>312-460-5000<br>gmaatman@seyfarth.com | KIENBAUM OPPERWALL HARDY<br>& PELTON, P.L.C.<br>BY:   William B. Forrest III<br>*Attorney for Defendant*<br>280 North Old Woodward Avenue,<br>Suite 400<br>Birmingham, Michigan 48009<br>Office:  248-645-0000<br>Fax:  248-723-1110<br>wforrest@kohp.com |

**DEFENDANT KELLY SERVICES, INC.'S MOTION TO
<u>STAY LITIGATION PENDING APPEAL</u>**

1

Defendant Kelly Services, Inc. ("Kelly") hereby moves this Honorable Court, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1)(C), and Fed. R. Civ. P. 62(c) for an order staying this litigation in its entirety pending resolution of Kelly's appeal of the Court's August 24, 2016 Opinion and Order (ECF No. 77) insofar as that Order denied Kelly's Renewed Motion to Stay the Action and Compel Arbitration. (*See* ECF No. 77 at 25 (denying ECF No. 61).). In support of this Motion, Kelly states as follows:

1. On August 24, 2016, the Court entered an Opinion and Order denying Kelly's Renewed Motion to Stay the Action and Compel Arbitration ("Motion to Compel Arbitration"). (*See* ECF No. 77 at 25 (denying ECF No. 61).).

2. On August 25, 2016, Kelly filed its Notice of Appeal of the Court's August 24, 2016 Opinion and Order. (ECF No. 79.)

3. Under 9 U.S.C. § 16(a)(1)(A), Kelly has an immediate right to appeal the August 24 Order insofar as it denied Kelly's Motion to Compel Arbitration.

4. For numerous reasons, this litigation should be stayed in its entirety pending resolution of Kelly's appeal.

## The Requested Stay Is Mandatory

5. First, the stay requested herein is mandatory, because the filing of Kelly's appeal divests this Court of jurisdiction over the proceedings. *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Department of Nat. Res.*, 71 F.3d 1197, 1203

(6th Cir. 1995) ("[i]t is settled law that filing a notice of appeal with the district court divests the district court of jurisdiction to act in a case, except on remedial matters unrelated to the merits of the appeal."); *Shy v. Navistar Intern. Corp.*, No. 92-CV-333, 2014 WL 1818907, at *5 (S.D. Ohio May 7, 2014) (staying district court proceedings pending resolution by the Sixth Circuit of defendant's appeal of the district court's denial of its motion to compel arbitration).

6. As in *Shy*, "[n]o unrelated remedial matters are currently pending before the Court. The matter on appeal directly relates to whether this Court or an arbitrator will ultimately determine the merits of the [employees'] claims." 2014 WL 1818907 at *4.

7. While the federal appellate courts are split over whether the filing of an appeal of an order denying a motion to compel arbitration automatically divests the district court of jurisdiction over the matter, courts in the Sixth Circuit have held that the filing of such an appeal does so. *Id.* at *5.

8. The court in *Shy* held that "[t]he resolution of the . . . claims . . . is necessarily an 'aspect[ ] of the case involved in the appeal' of arbitrability. The issues are intertwined because '[w]hether the litigation may go forward in the district court is precisely what the court of appeals must decide.'" *Id.* (internal citations and quotations omitted).

9. The court in *Shy* further held that this "conclusion also align[ed] it with the majority of district courts in the Sixth Circuit that have considered the issue [including] *Cambio Health Solutions, LLC v. Reardon*, 228 F. Supp. 2d 883 (M.D. Tenn. 2002); *Dental Assocs., P.C. v. American Dental Partners of Mich., LLC*, No. 11-11624, 2012 WL 1555093 (E.D. Mich. Apr. 30, 2012); *Levy D.D.S v. Cain, Watters, & Assocs., P.L.L.C.*, No. 2:09-CV-723, 2010 WL 2560395 (S.D. Ohio June 23, 2010)." *Id.* at *4.

10. After evaluating both sides of the relevant circuit split, and noting that the Sixth Circuit had yet to weigh in on the issue, the court in *Shy* found the Seventh Circuit's position, which held that the appeal of an order denying a party's motion to compel arbitration divests the district court of jurisdiction and effects an automatic stay, to be persuasive. *Shy*, 2014 WL 1818907 at *2 (citing *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997) (imposing stay on proceedings in district court and holding that an appeal under 9 U.S.C. § 16(a)(1) confers exclusive jurisdiction on the court of appeals)).

11. The court in *Shy* noted that "[h]ere, as in *Bradford-Scott*, the worst possible outcome would be to expend the resources required to litigate the Committee's claims during the pendency of [the defendant's] appeal, only to later have that effort rendered futile by a decision from the Sixth Circuit that requires the Court to send the parties into arbitration." *Shy*, 2014 WL 1818907 at 4.

4

12. Moreover, insofar as the Court relied on the Seventh Circuit's ruling in finding Kelly's arbitration agreement to be unenforceable, *see* ECF No. 77 at 14-15 (citing *Lewis v. Epic Systems Corp.*, 823 F.3d 1147 (7th Cir. 2016)), the Seventh Circuit has held that "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Bradford-Scott*, 128 F.3d at 506.

13. In *Bradford-Scott,* Judge Easterbrook explained:

> Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially. The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced. Immediate appeal under 9 U.S.C. § 16(a) helps to cut the loss from duplication. *Yet combining the costs of litigation and arbitration is what lies in store if a district court continues with the case while an appeal under 9 U.S.C. § 16(a) is pending. Cases of this kind are therefore poor candidates for exceptions to the principle that a notice of appeal divests the district court of power to proceed with the aspects of the case that have been transferred to the court of appeals.*

*Id.* (emphasis added).

### The Court Should Exercise Its Discretion To Stay All Proceedings

14. Second, to the extent the Court deems the stay requested to be subject to the Court's discretion rather than mandatory, "in deciding whether to issue a stay, the court must consider Rule 62(c): (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving

5

party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *L.F. v. Olszewski*, No. 04-73248, 2004 WL 5570461, at *1 (E.D. Mich. Dec. 17, 2004) (granting defendant's motion for stay pending appeal) (citations omitted).

15.   "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991).

16.   All four discretionary factors are met here:

- Given the line of precedent supporting Kelly's arbitration agreements, *see, e.g.*, *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013, 1018 (5th Cir. 2015), *rehearing denied*, No. 14-60800 (5th Cir. May 13, 2016); *Chesapeake Energy Corp. v. N.L.R.B.*, 633 F. App'x. 613, 615 (5th Cir. 2016); *see also D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 362 (5th Cir. 2013), Kelly is likely to succeed on the merits of the appeal.  At a minimum, as"[t]he Sixth Circuit has not directly addressed the question, and neither has the Supreme Court," *see* ECF No. 77 at 15, and given the circuit split recognized by the Court, *see id.* at 12–15, Kelly "demonstrate[s] 'serious questions going to the merits.'"  *See Olszewski*, 2004 WL 5570461 at *1.

- Kelly and the putative collective action members will be irreparably harmed absent a stay.  As it currently stands, the conditionally-certified collective includes thousands of employees who have affirmatively waived their right to participate in collective litigation, but whom the Court has decided may participate.  The issues concerning the employees who signed arbitration agreements and those who did not cannot be separated out and cannot proceed simultaneously.  Thus, absent a stay, the litigation will proceed and include those employees who may later be determined to be barred from any collective action, thereby wasting the Court's resources and the parties' resources and potentially requiring the parties to substantially re-litigate issues.

6

- No other parties will be harmed if the Court grants the stay. No notice has issued to members of the collective action, and numerous individuals have already opted in. Plaintiffs' counsel has thus far resisted discovery at every turn, going so far as to refuse to participate in a Rule 26(f) conference. Plaintiffs' counsel had the option to seek conditional certification of a collective action that excluded employees who signed arbitration agreements, but embarked on a litigation strategy that did not do so. Moreover, in rejecting Kelly's request for a stay, Plaintiffs' counsel did not mention, or even suggest a potential tolling agreement. Thus, to the extent any individuals might be harmed, that harm is Plaintiffs' doing.

- Given the importance of the FAA and the need to conserve judicial resources, the public interest favors granting the stay pending resolution of Kelly's appeal.

## **Time Is Of The Essence**

17. The August 24 Order set a deadline of September 7, 2016 for Kelly to "furnish to counsel for the plaintiffs the last known post office and email addresses of the potential members of the described class . . . ." (ECF No. 77 at 26.)

18. The August 24 Order also ordered Plaintiffs to "deliver notice promptly to putative class members by United States mail, email, or both," and set the opt-in period to end on November 7, 2016. (*Id.*)

19. Given the pending deadlines, time is of the essence, and Kelly respectfully requests that this motion be decided on an expedited basis.

20. Pursuant to Local Rule 7.1(a), counsel for Kelly sought concurrence from counsel for Plaintiff Gaffers, but was unable to obtain concurrence. Plaintiffs' counsel rejected the request to agree to a stay.

WHEREFORE, for the foregoing reasons, the Court should issue an order staying all current proceedings and deadlines pending resolution of Kelly's appeal.

DATED: August 25, 2016                    Respectfully submitted,

                                          KELLY SERVICES, INC.

Gerald L. Maatman, Jr., IL No. 6181016    By:     s/ Gerald L. Maatman, Jr.
(*gmaatman@seyfarth.com*)                           Gerald L. Maatman, Jr.
SEYFARTH SHAW LLP
131 S. Dearborn Street, Suite 2400
Chicago, IL  60603
Phone: 312-460-5000
Fax:    312-460-7000


William B. Forrest III
(*wforrest@kohp.com*)
Kienbaum Opperwall Hardy & Pelton, P.L.C.
280 North Old Woodward Avenue, Suite 400
Birmingham, Michigan 48009
Phone:  248-645-0000
Fax:  248-723-1110

*Attorneys for Defendant*

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he served a copy of the foregoing Defendant Kelly Services, Inc.'s Motion To Stay Litigation Pending Appeal on the following through the Court's electronic case filing system on this 25th day of August 2016:

>Jason J. Thompson
>Kevin J. Stoops
>Jesse L. Young
>Sommers Schwartz, P.C.
>One Towne Square
>Suite 1700
>Southfield, Michigan 48076
>248-355-0300
>jthompson@sommerspc.com
>kstoops@sommerspc.com
>jyoung@sommerspc.com

>>s/ Gerald L. Maatman, Jr.
>>Gerald L. Maatman, Jr.