UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONATHAN GAFFERS,

                          Plaintiff,                              Case Number 16-10128

v.                                                     Honorable David M. Lawson

KELLY SERVICES, INC.,

                          Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY PROCEEDINGS PENDING APPEAL

On August 24 this year, the Court granted the plaintiff's motion to certify this case conditionally as a collective action under the Fair Labor Standards Act and denied the defendant's motion to stay the action and compel arbitration. The Court also approved the notice to be sent to putative class members, ordered the defendant to furnish information to the plaintiff so that notices could be sent, and established an opt-in deadline of November 7, 2016. The defendant filed a notice of appeal directed to that part of the Court's order denying the motion to compel arbitration. Now before the Court is the defendant's motion for a stay pending appeal.

"An order denying a motion to stay proceedings pending arbitration is immediately appealable." *Stutler v. T.K. Constructors Inc.*, 448 F.3d 343, 345 (6th Cir. 2006) (citing 9 U.S.C. § 16(a)(1)(A)). "The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). "It is generally understood that a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Ibid.*

However, in certain circumstances the district court may retain limited power to address aspects of the case not involved in the appeal.  As one commentator has explained:

> An interlocutory appeal ordinarily suspends the power of the district court to modify the order subject to appeal, but does not oust district-court jurisdiction to continue with proceedings that do not threaten the orderly disposition of the interlocutory appeal.  When an appeal is taken under the "collateral order doctrine," the fact that the issues on appeal are separate from the merits of the case may mean that the pendency of the appeal does not oust the district court's jurisdiction to proceed with the case.  But if further district court proceedings would violate the very right being asserted in the appeal taken under the collateral order doctrine — as is the case with claims of qualified immunity or double jeopardy — then the pendency of the appeal does oust the district court of authority to proceed, at least if the appeal is properly taken and not patently frivolous.

16A Fed. Prac. & Proc. Juris. § 3949.1 (4th ed. 2016); *see also Seeds of Peace Collective v. City of Pittsburgh*, No. 09-1275, 2010 WL 2990734, at *3 (W.D. Pa. July 28, 2010) (denying stay as to defendants not subject to appeal of the denial of qualified immunity in a civil rights case).

In this case, the pool of potential opt-in plaintiffs includes some who may have signed an employment agreement that included arbitration language, and others who will not be subjected to arbitration in any event, because they either never signed the arbitration agreement or they have claims that pre-date it.  The "majority of circuits have held that an appeal regarding arbitrability of claims does divest the district court of jurisdiction over *those claims*, as long as the appeal is not frivolous," *Dental Associates, P.C. v. Am. Dental Partners of Michigan, LLC*, No. 11-11624, 2012 WL 1555093, at *2 (E.D. Mich. Apr. 30, 2012) (emphasis added), but not others.  Therefore, even if the arbitration provision is found not to be illegal, there are some claims that will not be subject to arbitration regardless of the outcome on the appeal.  The defendants conceded in their briefing on the motion to compel arbitration that those claims would not, ultimately, be subject to arbitration,

but they suggested that litigation of all of the claims should be stayed pending arbitration, to avoid the hazard of inconsistent rulings as to some plaintiffs that could affect the rights of others.

When considering a motion to stay proceedings while an interlocutory appeal is pending, the Court must "evaluate four factors . . . under Federal Rule of Appellate Procedure 8(a): (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Michigan State A. Philip Randolph Inst. v. Johnson*, --- F.3d ---, No. 16-2071, 2016 WL 4376429, at *3 (6th Cir. Aug. 17, 2016).

Assessing these factors, the Court believes that the best course is to allow the present action to proceed through the opt-in period, which will permit potential plaintiffs to identify themselves and preserve their rights against a possible statute of limitations defense. Once those individuals are identified and given an opportunity to join this lawsuit, further action in the case can be suspended until the appeal has been adjudicated. There are several reasons for this conclusion.

*First*, the Court does not believe that the defendant has much of a chance of prevailing on appeal. Although other circuit courts have held that an employer does not commit an unfair labor practice when it compels its employees to waive rights to pursue class or collective claims in all forums by signing the arbitration agreements, as discussed in the Court's earlier opinion, the defendant's position in this case bucks the trend established by other circuits — notably the Seventh and the Ninth — and the direction favoring employee rights signaled by the Sixth Circuit in *Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603 (2013), and *Killion v. KeHE Distributors, LLC*,

-3-

761 F.3d 574 (6th Cir. 2014), both of which also were discussed in the earlier opinion denying the motion to compel arbitration.

*Second*, the defendant will not be harmed by proceeding with discovery identifying those potential opt-ins, because ultimately it would have to proceed with the litigation of their claims regardless of how the appeal is resolved.  The defendant appears to have ready access to information that will allow the population of potential opt-ins to be partitioned, and to identify those who did and did not execute the agreement in question.  As to those who did sign the agreement, the Court cannot proceed on their claims, because the core issues in the instant appeal are (1) whether their claims may proceed in a collective fashion in any forum; and (2) whether, if they are barred from collective litigation, they may proceed in this Court or must proceed individually to the arbitral forum.  But allowing discovery and the sending of notice to those opt-ins who ultimately may be barred from proceeding with any collective action would not prejudice the defendant, because even if the defendant is successful on appeal, those individuals merely would be relegated to pursuing their claims individually in an arbitral forum.

*Third*, the potential opt-in plaintiffs will be irreparably harmed if discovery is halted and notice is not sent promptly to them, because the limitations period on their claims was not tolled by either the filing of the complaint or the conditional certification of the collective litigation.  "The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court."  *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) (citing 29 U.S.C. § 216(b)).  Unlike in class action cases brought under Rule 23, in collective actions brought via section 216(b) "all class members who seek relief under [the] FLSA must submit their affidavits of consent

before the statute of limitations applying to their individual claims has run." *Sperling v. Hoffmann-La Roche, Inc.*, 24 F.3d 463, 469 (3d Cir. 1994). The possibility that these plaintiffs' viable claims will be time barred by a delay of proceedings weighs strongly in favor of proceeding forthwith to address them.

*Fourth*, the public interest clearly favors proceeding with discovery and notice procedures, in order to ensure the prompt and economical collective resolution of the unpaid overtime claims brought by those potential plaintiffs, regardless of whether they might be subject to arbitration in any event. If the defendant's employees who signed the version of the employment agreement containing arbitration language opt in to this lawsuit, and that agreement is declared valid, the action as to those plaintiffs can be stayed and their claims can be arbitrated individually. *See* 9 U.S.C. § 3 (directing a court, "upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration," to "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement").

Once the potential plaintiffs have opted in, however, it is sensible to stay the action as to all of them, so that the entire universe of plaintiffs pursuing their rights in this Court can be known with more certainty. District courts readily have found that the better practice is to stay all proceedings pending the outcome of an appeal of the denial of a motion to compel arbitration, because the core issue on appeal is whether the case may proceed in the district court at all, or must be shunted to the arbitral forum. *E.g.*, *Huffman v. Hilltop Companies, LLC*, No. 13-00219, 2014 WL 695844, at *2 (S.D. Ohio Feb. 24, 2014) ("Because the appeal could ultimately send this matter to arbitration, the interests of justice militate in favor of waiting for the mandate to issue on whether this matter will even remain before this Court.").

Accordingly, it is **ORDERED** that the defendant's latest motion to stay the action [dkt. #81] is **GRANTED IN PART AND DENIED IN PART**.

It is further **ORDERED** that the defendants must furnish to counsel for the plaintiffs the contact information of the potential members of the described class as stated in this Court's August 24, 2016 opinion and order.

It is further **ORDERED** that proceedings in this case will be **STAYED** after **November 7, 2016**, but not before.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   October 13, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on October 13, 2016.

s/Susan Pinkowski
SUSAN PINKOWSKI