# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: August 15, 2018

Mr. Michael L. DeMarino
Mr. Gerald Leonard Maatman Jr.
Mr. Peter John Wozniak
Seyfarth Shaw, 233 S. Wacker Drive, Suite 8000
Chicago, IL 60606

Mr. Jason J. Thompson
Mr. Jesse L. Young
Sommers Schwartz
One Towne Square
Suite 1700
Southfield, MI 48076

Re: Case No. 16-2210, *Jonathan Gaffers v. Kelly Services, Inc.*
Originating Case No. : 2:16-cv-10128

Dear Counsel,

The court today announced its decision in the above-styled case.

Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

Yours very truly,

Deborah S. Hunt, Clerk

Cathryn Lovely
Deputy Clerk

cc: Mr. David J. Weaver

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 18a0170p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

JONATHAN GAFFERS,

    *Plaintiff-Appellee*,

    *v.*

KELLY SERVICES, INC.,

    *Defendant-Appellant*.

No. 16-2210

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:16-cv-10128—David M. Lawson, District Judge.

Argued: October 4, 2017

Decided and Filed: August 15, 2018

Before: GIBBONS, COOK, and THAPAR, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Gerald L. Maatman, Jr., SEYFARTH SHAW LLP, Chicago, Illinois, for Appellant. Jesse L. Young, SOMMERS SCHWARTZ, P.C., Southfield, Michigan, for Appellee. **ON BRIEF:** Gerald L. Maatman, Jr., Peter J. Wozniak, Michael L. DeMarino, SEYFARTH SHAW LLP, Chicago, Illinois, for Appellant. Jesse L. Young, Jason J. Thompson, SOMMERS SCHWARTZ, P.C., Southfield, Michigan, for Appellee.

_____

**OPINION**

_____

    THAPAR, Circuit Judge. The Supreme Court recently held that the National Labor Relations Act does not invalidate individual arbitration agreements. *Epic Systems Corp. v.*

*Lewis*, 138 S. Ct. 1612, 1632 (2018). That holding answers half of this case. The other half, in which the plaintiffs seek to carve out a separate destiny for the Fair Labor Standards Act, meets a similar end. Since neither Act is an obstacle to the arbitration agreements in this case, we reverse and remand for further proceedings consistent with this opinion.

I.

Jonathan Gaffers is a former employee of Kelly Services, Inc. Kelly Services provides outsourcing and consulting services to firms around the world. One of these services is "virtual" call center support, where employees like Gaffers work from home. Gaffers alleges that Kelly Services underpaid him and his fellow virtual employees. Specifically, he alleges that Kelly Services has shortchanged them for time spent logging in to Kelly Services' network, logging out, and fixing technical problems that arise. Gaffers brought suit on behalf of himself and his co-workers (over 1,600 have since joined this action) seeking back pay and liquidated damages under the collective-action provision of the Fair Labor Standards Act. *See* 29 U.S.C. § 216(b).

But their suit ran into a snag. About half of the employees that Gaffers seeks to represent signed an arbitration agreement with Kelly Services (Gaffers himself did not sign one, but he is the representative of the collective action). And those agreements state that individual arbitration is the "only forum" for employment claims, including unpaid-wage claims. R. 62-3, Pg. ID 1328–29. So Kelly Services moved to compel individual arbitration under the Federal Arbitration Act. *See* 9 U.S.C. § 4. In response to Kelly Services' motion to compel, Gaffers contended that the National Labor Relations Act and the Fair Labor Standards Act rendered the employees' arbitration agreements unenforceable. The district court agreed and denied Kelly Services' motion to compel arbitration. Kelly Services appealed, and we review de novo. *Huffman v. Hilltop Cos.*, 747 F.3d 391, 394 (6th Cir. 2014).

II.

Gaffers makes two arguments on appeal. First, he claims that the NLRA and FLSA displaced the Arbitration Act by providing a right to "concerted activities" or "collective action." *See* 29 U.S.C. § 157 (NLRA); 29 U.S.C. § 216 (FLSA). And second, he contends that even if the NLRA or FLSA did not wholly displace the Arbitration Act, the statutes make the

employees' arbitration agreements illegal and thus unenforceable under the Arbitration Act's savings clause. At least as it relates to the NLRA, the Supreme Court heard and rejected these arguments last term in *Epic*. 138 S. Ct. at 1623–30. Accordingly, the NLRA is not a way out of an individual arbitration agreement. That leaves Gaffers's FLSA argument. To determine whether it will suffer a similar fate, we look to the lessons of *Epic*.

### III.

Gaffers first contends that the FLSA's collective-action provision and the Arbitration Act are irreconcilable and that the former therefore displaces the latter. This argument "faces a stout uphill climb." *Id.* at 1624. In *Epic*, the Court told us that a federal statute does not displace the Arbitration Act unless it includes a "clear and manifest" congressional intent to make individual arbitration agreements unenforceable. *Id.* And to clearly and manifestly make arbitration agreements unenforceable, Congress must do more than merely provide a right to engage in collective action. *Id.* at 1627. Instead, Congress must *expressly state* that an arbitration agreement poses no obstacle to pursuing a collective action. *Id.* at 1626. As in the NLRA, and all of the other statutes that the Supreme Court has considered, Congress made no such statement in the FLSA. *See id.* at 1624, 1627–28 (including the Sherman Act, the Clayton Act, the Age Discrimination in Employment Act, the Credit Repair Organizations Act, the Securities Act of 1933, the Securities Exchange Act of 1934, and the Racketeer Influenced and Corrupt Organizations Act).

The FLSA provision at issue provides that an employee can sue on behalf of himself and other employees similarly situated. 29 U.S.C. § 216(b). In other words, it gives employees the *option* to bring their claims together. It does not require employees to vindicate their rights in a collective action, and it does not say that agreements requiring one-on-one arbitration become a nullity if an employee decides that he wants to sue collectively after signing one. Accordingly, we can give effect to both statutes: employees who do not sign individual arbitration agreements are free to sue collectively, and those who do sign individual arbitration agreements are not. *See Epic*, 138 S. Ct. at 1624.

For these reasons, the Supreme Court has already held that a statute with the *exact* same collective-action provision does not displace the Arbitration Act. *See* 29 U.S.C. § 626(b) (incorporating by reference the FLSA's collective-action language into the Age Discrimination in Employment Act (ADEA)); *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 27 (1991) (addressing the ADEA's collective-action provision). And every other circuit to have considered whether the FLSA overrides the Arbitration Act has said that it does not. *See NLRB v. Alt. Entm't, Inc.*, 858 F.3d 393, 413 (6th Cir. 2017) (Sutton, J., concurring in part and dissenting in part) (collecting cases); *see also Epic*, 138 S. Ct. at 1626.

Despite *Epic*'s command and the clear import of the statutory text, Gaffers asks us to rule otherwise for policy reasons. We decline to do so. Whether modern arbitration practice is consistent with Congress's goals for the FLSA is a question that only Congress can answer. Our role is to interpret and analyze the statute's text—not what Gaffers thinks Congress meant to say. *Epic*, 138 S. Ct. at 1631 ("We do not inquire what the legislature meant; we ask only what the statute means." (quoting *Schwegmann Bros. v. Calvert Distillers Corp.*, 341 U.S. 384, 397 (1961) (Jackson, J., concurring) (quoting Holmes, Collected Legal Papers 207))). And because the FLSA does not "clearly and manifestly" make arbitration agreements unenforceable, we hold that it does not displace the Arbitration Act's requirement that we enforce the employees' agreements as written. *Id.* at 1619, 1624. Accordingly, we reverse the district court's decision to deny Kelly Services' motion to compel on this basis.

IV.

Gaffers next argues that if the Arbitration Act is here to stay, the employees can at least seek refuge under its savings clause. The savings clause allows courts to refuse to enforce arbitration agreements "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Gaffers claims that he has one such ground: illegality. According to him, because the FLSA gives the employees a right to pursue a *collective* action, the agreements that the employees signed with Kelly Services requiring them to pursue *individual* arbitration are illegal and therefore unenforceable. *See* 29 U.S.C. § 216(b). Here too, Gaffers encounters the Court's holding in *Epic*.

In *Epic*, the Court explained that the savings clause only covers defenses that apply to "any" contract. 138 S. Ct. at 1622. In other words, the clause includes an "equal-treatment" rule: individuals can attack an arbitration agreement like they would any other contract; but they cannot attack the agreement simply because it is one involving arbitration. *Id.* Accordingly, defenses that (1) apply only to arbitration agreements, or (2) interfere with the "fundamental attributes of arbitration" are both insufficient. *Id.*

Gaffers's illegality defense falls into the second bucket. He argues that the employees' arbitration agreements are illegal because the agreements require individual proceedings, not collective ones. But as the Court in *Epic* noted, one of arbitration's fundamental attributes is its historically individualized nature. *Id.* at 1622–23 (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S 333, 347–48 (2011)). So objecting to an agreement "precisely because [it] require[s] individualized arbitration proceedings instead of class or collective ones" does not bring a plaintiff within the territory of the savings clause. *Id.* at 1622. If otherwise, Gaffers (and others) could use this contract defense to attack arbitration itself. *Id.* at 1623. That selective treatment is exactly what *Epic* says is not allowed.

To avoid the plain import of *Epic*'s holding, Gaffers urges us to consider this circuit's FLSA precedent. *See Killion v. KeHE Distribs., LLC*, 761 F.3d 574 (6th Cir. 2014); *Boaz v. FedEx Customer Info. Servs., Inc.*, 725 F.3d 603 (6th Cir. 2013). He claims that these cases establish that one-on-one arbitration agreements are illegal under the FLSA and thus unenforceable under the savings clause. *See Killion*, 761 F.3d at 590–92; *Boaz*, 725 F.3d at 606–07. Accordingly, he contends that if the Court addressed these cases, its view about the savings clause would be different when it comes to the FLSA. This argument fails. *Even if* Gaffers is correct about the holdings of those cases, *Epic* clearly overrules them because they would "target arbitration." 138 S. Ct. at 1622. But more importantly, Gaffers is wrong about the holdings of those cases. In *Killion*, we analyzed a waiver of FLSA collective-action rights in separation agreements. But the FLSA waiver in those agreements did not include any provision for arbitration at all. *Killion*, 761 F.3d at 591. We even noted "considerations change when an arbitration clause is involved." *Id*. And in *Boaz*, we affirmed that a FLSA waiver may be enforceable when, like here, a waiver *does* provide for arbitration. 725 F.3d at 606; *accord*

No. 16-2210 *Gaffers v. Kelly Servs., Inc.* Page 6

*Killion*, 761 F.3d at 591; *see also Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306 (6th Cir. 2000). Thus, our circuit's FLSA precedent does not prevent enforcement of the arbitration agreements in this case.

* * *

We **REVERSE** the district court and **REMAND** this action for proceedings consistent with this opinion.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

No. 16-2210

JONATHAN GAFFERS,

    Plaintiff - Appellee,

v.

KELLY SERVICES, INC.,

    Defendant - Appellant.

**FILED**
Aug 15, 2018
DEBORAH S. HUNT, Clerk

Before: GIBBONS, COOK, and THAPAR, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with the opinion of this court.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk